In the Matter of Jose A. SANTANA, Jr., Respondent,

A Member of the Bar of the District of Columbia Court of Appeals.

No. 89–498.

District of Columbia Court of Appeals.

Submitted Nov. 19, 1990.

Decided Dec. 14, 1990.

Before NEWMAN and WAGNER, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

Respondent was charged with neglecting two separate legal matters entrusted to him in violation of DR 6–101(A)(3). Specifically, respondent was charged with failing to file appropriate documents, failing to communicate with clients after receiving

pre-payment, and failing to notify clients of his change of address and that he was leaving town.

After an evidentiary hearing, the hearing committee found that by clear and convincing evidence, these violations had in fact occurred. The Board subsequently found that respondent violated DR 6–101(A)(3) by neglecting legal matters. Bar counsel recommended a suspension of 30 days. In addition, a requirement of restitution in the amount of $500.00 to complainant Barrantes and $250.00 to complainant Deskin representing half of prepayment, was recommended. At the hearing, respondent agreed to pay back the parties; however, it was never done.

The Board recommends that respondent be suspended for 60 days due to his failure to return fees as promised, his lack of contrition, and the harm and aggravation caused to his clients. In addition, the Board adopts the recommendation that restitution in the amount of $500.00 be ordered to Complainant Barrantes because no legal work was performed on her behalf. The Board made no recommendation regarding the return of fees to the complainant Deskin due to the fact that respondent did draft and negotiate a property settlement for her.

We accept the Board's findings of fact as supported by substantial evidence. We attach the Board's Report and Recommendation hereto and incorporate it by reference.

Accordingly, it is:

ORDERED that, pursuant to D.C.Code § 11–2502 (1989), respondent, JOSE A. SANTANA, JR., is suspended from the practice of law in the District of Columbia for 60 days. In addition, respondent is required to return fees in the amount of $500.00 to Eloisa Barrantes. This order shall be effective thirty (30) days from the date of this opinion. Respondent's attention is directed to the provisions of District of Columbia Bar Rule XI, § 14 governing disbarred and suspended attorneys.

APPENDIX

DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

Bar Docket Numbers: 304–88 and 375–88

IN THE MATTER OF: JOSE A. SANTANA, JR., RESPONDENT.

REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

Background

Hearing Committee Number Ten has found, as to two separate cases, that Respondent neglected legal matters entrusted to him in violation of DR 6–101(A)(3). The Hearing Committee has recommended that Respondent be suspended from the practice of law for thirty days. Except as specifically noted herein, the Board concurs in the factual findings of the Hearing Committee. We, however, disagree with the Hearing Committee recommendation for sanction and find that the misconduct, because of the significant factors in aggravation, warrants a suspension of sixty days.

Respondent did not respond in any manner to the charges served on him. He did not file an answer to the specification of charges and was not present when the Hearing Committee proceedings began. He arrived at the hearing after Bar Counsel had rested its case. At that point, he chose neither to testify nor contest the charges.

Facts

In Bar Docket 304–88, the complainant, Carmen Deskin, retained Respondent in October 1986 to assist her in obtaining a divorce. Ms. Deskin paid Respondent $500. Respondent drafted a property settlement agreement for Ms. Deskin and negotiated it with Mr. Deskin. Thereafter, Respondent did nothing. He did not file a complaint for divorce with the appropriate court. He did not communicate with Ms. Deskin.

Ms. Deskin attempted many times to reach Respondent by telephone and was told that he was not in his office or in

court. Thereafter, Ms. Deskin took a day off from work and went to Respondent's office address at 450 5th Street, N.W. Upon her arrival, she was told that Respondent had moved to an office on Pennsylvania Avenue. She visited the Pennsylvania Avenue address and was told that Respondent was not in, that no one knew where he was or how he could be reached, and that Respondent would soon be moving from the Pennsylvania Avenue address. She went to the court in an effort to find Respondent—with no success. Respondent simply disappeared. Ms. Deskin could not recover the documents that she had given to him. Nor could she obtain the property agreement which he had prepared for her.[1]

In Bar Docket 375–88, the complainant, Eloisa Barrantes, retained Respondent in December 1986 to assist her sister in immigrating to the United States from Colombia, South America. Ms. Barrantes paid Respondent $500 of his $1,000 fee and, at his request, turned over to Respondent her birth certificate, her tax returns, bank statements, a property agreement and her sister's birth certificate. Thereafter, Respondent did nothing. He never filed any documents designed to permit Ms. Barrantes' sister to immigrate to the United States.

As did the complainant in the first matter, Ms. Barrantes attempted to reach Respondent on numerous occasions without success. She then visited his office and was told that Respondent had moved but no one informed her of the location of the new office. Again, Respondent had disappeared.

Discussion

There is no question that Respondent neglected his obligations to both clients— Ms. Deskin and Ms. Barrantes. DR 6–101(A)(3) provides that a lawyer shall not neglect a legal matter entrusted to him.

The Hearing Committee found, by clear and convincing documentary evidence as well as the oral testimony of the complainant, that Respondent in the Deskin matter did nothing after he drafted and secured the signatures on the property settlement agreement. He did not file the complaint for divorce in the court. He failed to communicate with Ms. Deskin and did not inform her of her changes in office address, nor the fact that he had left town. At the hearing, he offered little explanation for his behavior except to say that once he drafted the property settlement he "had to leave town" (Transcript, page 48–49).

In the Barrantes matter, the Hearing Committee found by clear and convincing evidence that Respondent accepted a $500 fee and then did nothing. He filed no documents, he failed to communicate with his client, he did not notify her of the change in his office address and did not tell her he was leaving town. Respondent claims he never followed through on this matter "because of personal reasons and leaving town" (Transcript, page 49).

Lawyers cannot simply disappear and leave their clients in the lurch. Clients have a right to expect that their legal interests are being represented. Lawyers have an obligation not only to communicate with their clients but to let them know if, for some reason, they can no longer handle their cases. Respondent, in the matter before us, did neither. *In re Jones*, 544 A.2d 695 (D.C.1988); *In re Banks*, 461 A.2d 1038 (D.C.1983).

The Board is satisfied that such conduct constitutes neglect of legal matters in violation of DR 6–101(A)(3).

Sanction

No post hearing briefs were filed.

At the hearing (July 19, 1989), Bar Counsel recommended a suspension of 30 days with the requirement that Respondent make restitution to Ms. Barrantes for the $500 she gave him and to Ms. Deskin for $250, representing half of what she had given him since Respondent had performed some legal services by drafting the property settlement. (Transcript at page 46).

Respondent testified that he had:

---

1. While it appears clear that Respondent abandoned his clients, Respondent was not charged

with DR 7–101(A)(1), the intentional failure to seek the lawful objectives of his client.

... no problems with paying what I need to pay back to either party as well as the files to complete the work. (Transcript, page 49).

The Hearing Committee Chairman then ruled that the record would remain open for 10 days so that Respondent could return the files to the complainants and consider the matter of restitution in each case.

The Hearing Committee report was filed on October 6, 1989. In its report, the Committee stated that Respondent "timely returned all unearned fees and the case files that had been accumulated during his representation of the complainants." The record before the Board at the time contained evidence that the files had been returned. However, the record contained no evidence as to whether Respondent did in fact return "all unearned fees," and, if so, when such return occurred.

Therefore, on November 17, 1989, the Chairman of the Board on Professional Responsibility ordered Respondent and Bar Counsel to notify the Board in writing as to the facts relating to Respondent's restitution to Ms. Deskin and Ms. Barrantes of "unearned fees" since the July 19, 1989, hearing.

Respondent did not respond to the order.

Bar Counsel, on November 20, 1989, informed the Board that Respondent "never returned any fees to his clients." Bar Counsel went on to state its assumption that:

> had the Hearing Committee been aware of that fact it would have ordered restitution. Therefore, Bar Counsel request(s) that the Board recommend to the court that respondent be required to make restitution to Ms. Carmen Deskin's (sic) in the amount of $500 and to Ms. Eliosa Barrantes in the amount of $500.[2]

Respondent has been a member of the District of Columbia Bar since August 1984. He has no record of prior discipline.

The Hearing Committee states, in mitigation of sanction, that Respondent was "contrite" (Hearing Committee Report, page 10) based on his statement that he would be glad to complete the work that he had previously agreed to perform for them and that he would return their files and unearned fees (Transcript, page 49). Because the Board did not observe Respondent at the hearing, it is with some reservation that we take issue with the Committee's conclusion that Respondent was contrite. Nonetheless, our reading of the record leads us to a different view.

Respondent does not seem to recognize that his behavior is inconsistent with good professional conduct. He never answered the complaints filed against him. When he did appear at the end of the hearing, his only explanation for his misconduct was "personal reasons" and "leaving town." Nowhere on this record does he recognize that, because of his disappearance, his clients were forced to go without legal services for a substantial period of time. Nor does he recognize the prejudice and distress he caused them by maintaining control of important documents that each complainant had provided him. Contrition, in our view, is a thoughtful recognition of the misconduct involved—not simply a very limited explanation with an offer to complete the neglected work.

Respondent stated to the Committee that he would return his fees to the complainants. He failed to return the fees. Thus, in further aggravation of sanction, the Board considers that Respondent did not return the fees as he indicated he would. His conduct is another example of undertaking to do something and then not do anything.

The Hearing Committee recommended that Respondent be suspended for thirty days based, in part, on their belief that Respondent had returned fees. The Board is of the view that Respondent should be suspended from the practice of law for a period of sixty days. Respondent, Jose

---

**2.** Bar Counsel gives no explanation as to why they now believe Ms. Deskin should be given $500 in restitution. At the hearing, Bar Counsel

stated that $250 in restitution to Ms. Deskin would be sufficient since Respondent had drafted the property settlement.

Santana, has neglected two legal matters entrusted to him. The Court has stated that "a sixty-day sanction was warranted where the violations involved the cases of two separate clients." *In re Dory*, 528 A.2d 1247, 1248 (D.C.1987) (Dory involved one case and thus warranted a thirty-day suspension.) His failure on his promise to return fees, his lack of contrition, as well as the harm and aggravation caused his clients are significant aggravating factors. *See In re Landesberg*, 518 A.2d 96 (D.C. 1986) (sixty-day suspension for neglect, misrepresentation, failure to return a client's file and retaining unearned fee).

In addition, we recommend that the Court order restitution of $500 to Ms. Barrantes based on the factual finding that Respondent did no legal work in her behalf. We make no recommendation with regard to the return of fees to Ms. Deskin because Respondent did draft and negotiate the property settlement for her—and, follow-ing the disciplinary hearing, he has returned this document to her.

For the above stated reasons, we recommend to the District of Columbia Court of Appeals that Respondent be suspended from the practice of law for sixty days and that he make restitution to Ms. Barrantes in the amount of $500.

BOARD ON PROFESSIONAL RESPONSIBILITY

by: /s/ ANN KEEP
 Ann Keep

Date: January 26, 1990

All members of the Board concur in this Report, except Mr. Freund who did not participate, and Ms. Wynn who concurs with the majority's recommendation of a sixty-day suspension but dissents as to the recommendation that Respondent be ordered to make restitution.