### In the Matter of William J. MULKEEN, Respondent.

### No. 91–202.

District of Columbia Court of Appeals.

Submitted Feb. 11, 1992.
Decided Feb. 25, 1992.
Supplemental Order May 22, 1992.

Before FERREN, STEADMAN and SCHWELB, Associate Judges.

PER CURIAM:

Respondent was suspended from the practice of law in New Jersey for a period of three months and required to prove fit-

Associate Judges Terry, Wagner, and Sullivan voted to grant rehearing en banc.

ness to practice as a condition of reinstatement to the bar, as a result of having violated several Rules of Professional Conduct: 1.1(a) (a lawyer shall provide competent representation), 1.4 (a lawyer shall keep the client informed about the representation), and 1.3 (a lawyer shall represent the client zealously and diligently). On the basis of respondent's suspension by the Supreme Court of New Jersey, and pursuant to D.C.Bar Rule XI, § 11(d), this Court temporarily suspended respondent on March 6, 1991, referring the matter to the Board on Professional Responsibility to determine whether reciprocal discipline would be appropriate.

The Board concluded that the sanctions imposed by the New Jersey Supreme Court were outside the range of discipline that would be imposed in this jurisdiction for misconduct comparable to respondent's. *See* D.C.Bar R. XI, § 11(c)(4). Specifically, the Board concluded that while a three-month suspension was not outside the range of discipline, the added requirement of proof of fitness would not be imposed for neglect in this jurisdiction. The Board therefore recommended that we impose a three-month suspension, retroactive to March 6, 1991, the date of our temporary suspension of appellant, without the requirement to prove fitness.

We agree with the Board's conclusions. Accordingly, we adopt the Board's recommendation and attach its report for reference as an appendix to this opinion.

Our order is premised on the assumptions * that (1) respondent complied with the requirements of D.C.Bar R. XI, § 14 requiring suspended attorneys to promptly notify their clients of the order of suspension; (2) respondent filed the required affidavit confirming compliance with D.C.Bar R. XI, § 14; and (3) said affidavit was filed within ten days after the effective date of the order of suspension, as required by D.C.Bar R. XI, § 14(f). For purposes of reinstatement, as we interpret D.C.Bar R. XI, § 16(c) respondent's three-month sus-

pension must be deemed, on these assumptions, to run as of the date of temporary suspension, March 6, 1991. Rule XI, § 16(c) provides that "a suspended attorney shall not be eligible for reinstatement until a period of time equal to the period of suspension shall have elapsed *following the attorney's compliance with section 14....*" (Emphasis added.) We understand this to mean that if the suspended attorney complies with Rule XI, § 14 within the required ten days, the date of "compliance with section 14" shall be deemed to relate back to the date of the suspension order, rather than to the later date on which the affidavit was filed. It follows from the foregoing assumptions, therefore, that for reinstatement purposes, respondent's suspension commenced March 6, 1991.

It is therefore ORDERED that respondent shall be, and hereby is, suspended from the practice of law in the District of Columbia for a period of three months. This order is retroactive to the date of respondent's temporary suspension by this Court on March 6, 1991.

### APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

### IN RE WILLIAM J. MULKEEN, RESPONDENT.

### BAR DOCKET NO. 28–91

### REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

The procedural background and facts of this case are relatively simple. In an order dated September 17, 1990, Respondent was suspended from practice in New Jersey for three months, and required to prove fitness as a condition to reinstatement, for violations of Rules of Professional Conduct 1.1(a) (a lawyer shall provide competent

---

* Bar Counsel has filed no opposition to the recommendation of the Board that the suspension be retroactive.

representation), 1.4 (a lawyer shall keep his client informed about the representation), and 1.3 (a lawyer shall represent his client zealously and diligently).[1] On the basis of this action, and under Court of Appeals Rule XI, Sec. 11(d), the Court temporarily suspended Respondent on March 6, 1991, and referred this matter to us for our recommendation as to whether reciprocal discipline is appropriate.

Under Court of Appeals Rule XI, Sec. 11, reciprocal discipline is required to be imposed unless one of the five elements of Rule XI, Sec. 11(c) is shown to be present.[2] Bar Counsel argues that none of these elements is present, and Respondent has submitted nothing in opposition.

We agree with Bar Counsel insofar as four of the five factors of Section 11(c) are concerned. There is nothing in the record to suggest that the New Jersey discipline was either procedurally or substantively improper, or that the misconduct in New Jersey is not also misconduct in this jurisdiction. However, regarding Section 11(c)(5) (misconduct warranting substantially different discipline in the District of Columbia), we believe that a three-month suspension *plus* proof of fitness for Respondent's misconduct—neglect—is outside the range of discipline that would be imposed here for similar misconduct.[3] *See, e.g., In Re Jamison*, 462 A.2d 440 (D.C.1983); *In Re Knox*, 441 A.2d 265 (D.C.1982). A suspension for a period of not more than six months, without proof of fitness, appears to be the response of this jurisdiction even to serious neglect. *See, e.g., In Re Santana*, 583 A.2d 1011 (D.C.1990) (two instances of neglect).

In this jurisdiction, neglect sanctions usually range from informal admonition to a three-month suspension. *Id.* Because of the paucity of facts before us concerning the New Jersey violations, we have difficulty in deciding what period of suspension to recommend. However, because the requirement of proof of fitness in New Jersey is imposed automatically for all suspensions (New Jersey Supreme Court Rule 1:20–11(h)), we believe that a fair translation of the New Jersey discipline to our jurisdiction would be a three-month suspension without a requirement to prove fitness.

Accordingly, for the foregoing reasons, and under Rule XI, Sec. 11(g)(1), the Board recommends that the Court impose discipline of a three-month suspension, retroactive to the date of the Court's temporary suspension of Respondent on March 6, 1991.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: <u>Barry E. Cohen</u>
Barry E. Cohen

July 26, 1990

All members of the Board concur in this Report except Mr. Freund, who did not participate.

### SUPPLEMENTAL ORDER

PER CURIAM:

In our order of February 25, 1992, we suspended respondent from the practice of law in the District of Columbia for a period of three months. On the recommendation of the Board on Professional Responsibili-

---

1. No facts concerning the details of the misconduct are contained in the New Jersey record available to us.

2. These are:

    (1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
    (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or

    (3) The imposition of the same discipline by the Court would result in grave injustice; or
    (4) The misconduct established warrants substantially different discipline in the District of Columbia; or
    (5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

3. Under New Jersey law, Respondent's three-month suspension carries with it a requirement of proof of fitness as a condition to reinstatement. New Jersey Supreme Court Rule 1:20–11(h); Order of New Jersey Supreme Court in *Mulkeen*.

ty, we imposed our February order retroactively to the date of respondent's temporary suspension on March 6, 1991. Because Bar Counsel had not opposed this Board recommendation, we assumed that (1) at the time of his temporary suspension respondent had complied with the requirements of D.C.Bar R. XI, § 14 that he notify his clients of the order of suspension; (2) respondent had filed the required affidavit confirming his compliance with the client-notification rule; and (3) the affidavit had been timely filed within ten days of the effective date of the notice of suspension.

On March 4, 1992, Bar Counsel filed a Motion for Rehearing, informing us that Bar Counsel had failed to alert either the Board or this Court to respondent's non-compliance and that respondent in fact had not complied with the client-notification and affidavit requirements of R. XI, § 14 at the time of his temporary suspension. Bar Counsel requested "that the Court reconsider its ruling and amend it to require Respondent's suspension to remain in force until Respondent complies with the requirements of D.C.App.Rule XI, § 14." Respondent has filed no opposition or any other response to the motion.

We accordingly grant the motion for rehearing and amend our order of February 25, 1992 by removing its last sentence that makes suspension retroactive to March 6, 1991 and substituting the following amended order:

It is ORDERED that respondent shall be, and hereby is, suspended from the practice of law in the District of Columbia for a period of three months from the date hereof and thereafter until reinstated under the provisions of D.C.App.Rule XI, § 16(c).