In the Matter of William E. **HILL**, Respondent, A Member of the Bar of the District of Columbia Court of Appeals.

No. 91–SP–731.

District of Columbia Court of Appeals.

Submitted Jan. 4, 1993.
Decided Jan. 26, 1993.

Leonard H. Becker, Bar Counsel, and Elizabeth A. Herman, Asst. Bar Counsel, Washington, DC, filed a brief for the Office of Bar Counsel before the Bd. on Professional Responsibility.

Alan S. Novins and Lois M. McKenna, Washington, DC, filed a brief for respondent before the Bd. on Professional Responsibility.

Before SCHWELB, Associate Judge, and GALLAGHER and REILLY, Senior Judges.

ON REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

PER CURIAM:

Respondent William E. Hill, Esq. persistently neglected a criminal appeal to which he had been appointed. After his conduct was referred to Bar Counsel by the Chief

Judge of this court, Hill failed to cooperate with Bar Counsel's investigation. Bar Counsel instituted disciplinary proceedings and, on February 13, 1992, a Hearing Committee found by clear and convincing evidence that Hill had neglected a legal matter entrusted to him and had engaged in conduct prejudicial to the administration of justice. The Committee recommended that Hill be informally admonished.

On July 27, 1992, the Board on Professional Responsibility issued its Report and Recommendation, which is attached hereto and made a part of this opinion. The Board adopted the Hearing Committee's findings and conclusions, but concluded that Hill's conduct warranted a more severe sanction and recommended public censure.

Neither Bar Counsel nor respondent Hill has filed exceptions to the Board's Report and Recommendation, see D.C.App.R. XI, § 9(e), and we agree with the Board's reasoning. Accordingly, for the reasons stated by the Board, William E. Hill, Esq. is hereby publicly censured.

*So ordered.*

### ATTACHMENT

District of Columbia Court of Appeals
Board on Professional
Responsibility

In the Matter of:

WILLIAM E. HILL,

Respondent.

Docket No. 253–90

REPORT AND RECOMMENDATION OF
THE BOARD ON PROFESSIONAL
RESPONSIBILITY

On April 30, 1991, Bar Counsel charged Respondent with violating DR 1–102(A)(5) and Rule 8.4(d) by engaging in conduct prejudicial to the administration of justice, DR 6–101(A)(3) (neglect), DR 7–101(A)(3) (intentionally prejudicing or damaging his client during the course of a professional relationship), and DR 7–101(A)(1) (intentional failure to seek the lawful objectives of his client).

A hearing was set for September 11, 1991, but was continued when a request for the appointment of a Board-compensated counsel was approved. On October 10, 1991, a pre-hearing conference was held at which counsel filed a motion for leave to file answer and a proposed answer to the petition. On October 29, 1991, a stipulation was entered into between Bar Counsel and Respondent in which Respondent admitted to a violation of DR 6–101(A)(3) and Bar Counsel indicated that he would not offer evidence to support a finding that Respondent violated DR 7–101(A)(1) or (A)(3). Both Bar Counsel and Respondent submitted briefs as to the other violations and sanction. On February 13, 1992, the Hearing Committee issued its report concluding that Respondent had violated DR 6–101(A)(3), DR 1–102(A)(5) and Rule 8.4, and recommended that Respondent be informally admonished.

The Board has reviewed the record in this case and adopts the Hearing Committee's findings and conclusions, but takes exception to the recommended sanction. The Board believes that Respondent's misconduct warrants a more severe sanction and recommends a public censure.

### FACTS

On January 25, 1991, Respondent was appointed by Chief Judge Judith W. Rogers to represent Robert E. Rice in Appeal Number 89–158 pending in the District of Columbia Court of Appeals. Respondent was directed to file a brief on behalf of appellant Rice within 30 days of the date of the Order, or by March 6, 1990.

Respondent did not meet the filing deadline and on March 22, 1990, Chief Judge Rogers entered an order requiring Respondent, within 10 days, "to file appellant brief or show cause why his appointment should not be vacated and his name be removed from the panel of attorneys to receive appointments in proceedings covered by the Criminal Justice Act." On March 29, 1990, Respondent filed a motion requesting an enlargement of time within which to file a brief, which was granted. By April 23,

1990, the time was extended to and including April 30, 1990, a deadline Respondent failed to meet. On June 1, 1990, Chief Judge Rogers issued another order that required that the brief be filed within 10 days, an order to which Respondent also did not respond. On June 25, 1990, Chief Judge Rogers vacated the appointment of Respondent to represent Mr. Rice, approximately five months after his appointment, and referred the matter to the Board on Professional Responsibility.

Pursuant to the stipulation, Respondent had difficulty reaching his client, who was incarcerated in a Bureau of Prisons facility, and was incorrectly informed about the prison facility. He was able to speak by telephone to Mr. Rice, but later when he needed additional information to prepare his brief, he was told that Mr. Rice had been transferred to solitary confinement, and was unable to speak with his attorney.

Respondent makes no claim that he did not receive the Court's orders and the Hearing Committee found that the orders were properly served and received.

On July 16, 1990, Bar Counsel mailed a letter to the correct address requesting a response within 10 days to the allegations of misconduct set forth in the Court of Appeals Order of June 22, 1990. Respondent did not reply to Bar Counsel's letter nor to additional letters sent by Bar Counsel on August 16, 1990, and September 18, 1990. Respondent also did not respond to Bar Counsel's letter of November 28, 1990 sent to a second, but also "correct" address, and did not respond to the Order of the Board on Professional Responsibility of January 15, 1991, directing him to respond to Bar Counsel's written inquiries. On February 5, 1991, Respondent was served personally with Bar Counsel's three letters, Bar Counsel's motion and the Board's Order. Respondent still did not respond.

Respondent and Bar Counsel have stipulated that during much of this period Respondent "did not maintain an office for the transaction of business and was not engaged in the practice of law." He was also absent from the District of Columbia during most of that time.

## VIOLATIONS

### DR 6–101(A)(3)—Neglect

Respondent admits that he violated this disciplinary rule by failing to file a brief in the Court of Appeals on behalf of Mr. Rice. The Hearing Committee concluded that there was clear and convincing evidence that Respondent had been neglectful. The Board agrees.

Respondent's obligation was clearly set out in the January 25, 1990 order appointing him attorney for Mr. Rice. Respondent knew he had a certain filing deadline to meet, a fact which was evident by his motion of March 29, 1990, for an extension of time. Yet he failed to meet the new deadlines set by the Court orders of April 23, 1990, and June 1, 1990, and never submitted a brief on behalf of his client.

Respondent mentions that he had difficulty communicating with his client, but this inaccessibility did not prevent him from filing his brief. His inaction clearly demonstrates neglect, a knowing failure to file a brief in response to several Court orders. *In re Margulies*, 88–1032 (D.C.App. Jan. 26, 1989).

### DR 1–102(A)(5)

The Hearing Committee concluded that Respondent violated DR 1–102(A)(5) for failing to respond to the Court's orders and failing to respond to Bar Counsel's requests for a written response to allegations of unethical conduct. The Board agrees.

Respondent repeatedly ignored deadlines set by the Court to file a brief on behalf of his client. Only once did he ask for an extension, which he still failed to meet. Respondent had an obligation to serve his client, something he failed to do, and in the process, interfered with the Court's ability to decide cases. *In re Margulies, supra.*

With respect to Bar Counsel's inquiries, Respondent also ignored them for a year except for one call in response to the July 3, 1990 letter at which time he requested an extension of time to July 22, 1990, within which to file a response.

The Hearing Committee found Bar Counsel had shown by clear and convincing evidence that Respondent did not fulfill his

obligation as an attorney. As the Hearing Committee stated, an attorney's refusal to cooperate with Bar Counsel "frustrates and delays efforts to protect the public and integrity of the Bar." *See In re Delate*, 579 A.2d 1177 (D.C.1990).

Rule 8.4(d)

The Hearing Committee concluded that Bar Counsel demonstrated by clear and convincing evidence that Respondent violated this rule by his non-response to Bar Counsel's inquiries after the rule became effective on January 1, 1991. The Board affirms the conclusion of the Hearing Committee.

DR 7–101(A)(3) and DR 7–101(A)(1)

Since Bar Counsel presented no evidence in support of these allegations, the Hearing Committee did not address the question of whether Respondent violated these disciplinary rules. The Board concurs with the Hearing Committee.

## SANCTION

The Hearing Committee recommended that the appropriate sanction is an informal admonition. Bar Counsel concurs in this recommendation; Respondent does not oppose it. The Board, however, believes that Respondent's misconduct is serious enough to warrant a Court censure.

In determining a sanction, the Board is required to consider a number of factors, namely, prior discipline, seriousness of neglect, prejudice to client, violation of other disciplinary rules, dishonest conduct, attitude of Respondent and circumstances in mitigation. While Respondent has not been previously disciplined, his neglect of his client and his failure to meet court ordered deadlines for filing a brief for five months and his year-long non-response to Bar Counsel's inquiries are serious enough to warrant a public censure. Respondent failed to fulfill his duties as an attorney.

It is unclear from the record whether Mr. Rice suffered any harm, but certainly causing a five-month delay of his case while he was incarcerated is inexcusable on the part of Respondent. While Respondent did not engage in any dishonest conduct, his misconduct involved conduct prejudicial to the administration of justice in two separate ways: with regard to the Court; and with regard to Bar Counsel. Importantly, Respondent's own attitude is also unknown. He has acknowledged his neglect, but argues against finding a violation of DR 1–102(A)(5). While he provided information to the successor attorney for Mr. Rice, he offered no apologies for his own neglect. He has submitted two character references written by attorneys who worked with him prior to the period when the misconduct occurred. Moreover, neither attorney seems to be familiar with the circumstances of Respondent's violations of the disciplinary rules to provide an explanation of his conduct.

Although the Board views Respondent's misconduct as serious, it does not rise to the level of those cases of pervasive neglect, which warrant a period of suspension. *In re Dory*, 552 A.2d 518 (D.C.1989) (30–day suspension for neglect); *In re Santana*, 583 A.2d 1011 (D.C.1990) (60–day suspension for neglecting 2 matters for 2 clients); *In re Foster*, 581 A.2d 389 (D.C. 1990) (30–day suspension for neglect and intentional misconduct).

The Board recently recommended that the Court suspend an attorney for 60–days having found that the attorney had engaged in neglect and conduct prejudicial to the administration of justice. *In re Steele*, Bar Docket No. 472–90 (B.P.R. May 15, 1992), pending D.C.C.A. The Board also recommended that the attorney be required to make restitution of a $300 fee prior to resuming the practice of law. The conduct in the instant case appears less serious. It is more serious, however, than that involved in *In re Confidential*, Bar Docket No. 314–90, which the Hearing Committee cites as comparable. There, the attorney neglected a client matter and failed to respond to Bar Counsel. Respondent in the instant case violated the identical rules, but also failed to respond to Court orders, violating DR 1–102(A)(5) in two different contexts.

Attorneys who have been censured by the Court for neglect and conduct prejudicial to the administration of justice have

also engaged in other misconduct. *In re Margulies, supra.* (also found to have engaged in dishonest conduct); *In re Jones,* 521 A.2d 1119 (D.C.1986) (also failed to maintain complete client records and prior discipline). Generally, the Board would consider such misconduct more serious than that of Respondent and normally recommend a Board reprimand. *Compare In re Robertson,* 608 A.2d 756 (D.C.1992) (public censure for neglect and conduct prejudicial to the administration of justice for failing to file brief and to respond to court orders, and mitigating factors). Because of Respondent's year long non-response to Bar Counsel, which the Board considers an aggravating factor, the Board believes the sanction should be more stringent. Accordingly, the Board recommends that the Court publicly censure Respondent.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: /s/ Hannah Jopling Kaiser
    Hannah Jopling Kaiser

Dated: 27 July, 1992

All members of the Board concur in this Report except Mr. Cohen, who did not participate.