**In re Alfred L. SCANLAN, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–1792.**

District of Columbia Court of Appeals.

Submitted Dec. 15, 1998.

Decided Jan. 7, 1999.

Before RUIZ and REID, Associate Judges, and KING, Senior Judge.

PER CURIAM.

On October 15, 1997, Alfred L. Scanlan, Jr. was suspended from the practice of law in Maryland for six months for violating an agreement regarding the division of fees in contingent fee cases that he took with him when he left one firm and joined another.[1] Specifically, Scanlan was found to have billed work to these contingency fee cases that neither he nor associates under his direct supervision performed in order to benefit himself under his new law firm's partnership compensation structure. Pursuant to D.C. Bar R. XI, § 11(d), this court temporarily suspended Scanlan on November 24, 1997, the effective date of the Maryland suspension, and referred the matter to the Board on Professional Responsibility to determine the appropriateness of reciprocal discipline.[2] The Board recommends the imposition of reciprocal discipline, and neither Bar Counsel nor respondent has challenged this recommendation. The Board recommends that the suspension be imposed *nunc pro tunc* to November 24, 1997, the date Scanlan was suspended on an interim basis by this court.[3]

Where an attorney has been subject to discipline in another jurisdiction, this court imposes reciprocal discipline unless the attorney demonstrates by clear and convincing evidence that one of the Rule XI, § 11(c) exceptions applies. *See In re Garner,* 576 A.2d 1356, 1357 (D.C.1990). Scanlan has not argued for any of these exceptions, *see In re Goldsborough,* 654 A.2d 1285, 1288 (D.C. 1995) (heightened deferential standard when attorney fails to contest proposed sanction),

1. The Maryland Court of Appeals found that Scanlan's conduct violated the following Maryland Rules of Professional Conduct: 5.1(b)(duty to ensure that lawyers under your supervision conform to the rules of professional conduct); 5.1(c)(lawyer responsible for any violation of the rules by another lawyer if such conduct is ordered or if the violation is ratified); 8.4(a)(duty to conform with the rules of professional conduct); 8.4(c)(professional misconduct for a lawyer to engage in conduct involving fraud, deceit, dishonesty or misrepresentation).

2. The record shows that Scanlan has been suspended on a reciprocal basis in the federal courts in Maryland and the District of Columbia.

3. On May 28, 1998, we granted Scanlan's request to lift the interim suspension *nunc pro tunc* to May 25, 1998, the date of the expiration of the Maryland suspension, "without prejudice to the authority of the court to impose discipline different or more substantial than that ordered in Maryland, as final discipline in the present proceedings."

and the recommended six-month suspension is within the range of sanctions this court has imposed for fraudulent billing and handling of expenses. *See, e.g., In re Appler*, 669 A.2d 731 (D.C.1995)(disbarment for shifting fees and expenses on bills and billing clients directly to avoid payment to attorney's firm); *In re Jackson*, 650 A.2d 675 (D.C.1994) (six-month suspension for dishonesty in preparation of client tax returns); *In re Schneider*, 553 A.2d 206 (D.C.1989) (thirty-day suspension for altering eight credit card receipts submitted to law firm for travel reimbursement). In addition, Scanlan timely complied with D.C. Bar R. XI, § 14 which requires suspended attorneys to notify their clients of the suspension, and submit an affidavit to this court confirming their compliance.[4] *See*

*In re Mulkeen*, 606 A.2d 136, 137 (D.C.1992)(imposing retroactive suspension when attorney timely complies with Rule XI, § 14).

Accordingly, Alfred L. Scanlan, Jr. is hereby suspended from practice for six months, the suspension to be imposed *nunc pro tunc* to November 24, 1997, the original date of suspension in this jurisdiction.

*So Ordered.*

---

4. Scanlan filed an affidavit certifying his compliance with Rule XI, § 14 on December 2, 1997, within ten days after the November 24, 1997 order of suspension was issued. *See* D.C. Bar R. XI, § 14(g).