**In re David J. ONTELL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–873.**

District of Columbia Court of Appeals.

Submitted Jan. 26, 1999.

Decided Feb. 18, 1999.

Before WAGNER, Chief Judge, and STEADMAN, Associate Judge, and KERN, Senior Judge.

PER CURIAM:

 Respondent comes before this court for a second time upon charges that he has neglected legal matters on behalf of clients. *See In re Ontell,* 593 A.2d 1038 (D.C.1991). In the instant case, the Board on Professional Responsibility ("Board"), in accord with the Hearing Committee ("Committee"), concluded that the respondent, David J. Ontell, violated Rules 1.1(a) and (b); 1.3(a), (b) and (c); 1.4(a); 1.16(a) and (d); and 8.4(d) of the District of Columbia Rules of Professional Conduct by neglecting the legal matters of his clients. Accordingly, the Board recommends that this court impose a ninety-day suspension (with sixty days stayed) and "that Respondent be placed on probation for a period of one year" under the condition that a "practice monitor" appointed by the Board supervises respondent's professional conduct during his probation.[1]

 We recognize that instances of gross and persistent neglect may warrant as much as a two-year suspension. *See, e.g., In re Mintz,* 626 A.2d 926 (D.C.1993). We cannot say, however, that the Board's recommendation in this case is so inconsistent with similar dispositions as to warrant a higher penalty. D.C. Bar R. XI, § 9(g); *See In re Hutchinson,* 534 A.2d 919, 924 (D.C.1987)

---

1. Respondent's counsel represented to the Board that respondent would be amenable to professional monitoring. Respondent's acceptance of this condition is crucial to his successful completion of his probation.

("we should respect the Board's sense of equity in these matters") (citations omitted). Specifically, we note the mitigating factor of respondent's medical condition which the Board took into account when rendering its recommended sanction.[2] Of course, we expect the Board will make certain that the practice monitor during respondent's year of probation will report regularly to both the Board and Bar Counsel on respondent's professional conduct.

Accordingly, respondent is hereby suspended for ninety days, the final sixty of which shall be suspended contingent upon respondent's acceptance and successful completion of a one-year probation period under the supervision of a Practice Monitor, who shall be appointed by the Board and make regular reports on respondent's professional conduct to the Board and Bar Counsel.[3]

*So ordered.*

Before FARRELL and RUIZ, Associate Judges, and PRYOR, Senior Judge.

2. Respondent suffered from brain seizures between 1992 and August 1994. Lethargy and fatigue were common side-effects of the medication prescribed for his condition, yet respondent substantially increased his workload rather than heed the advice of his physician and his wife, who was also an experienced attorney. Indeed, the Committee found respondent to have "a chronic tendency to over commit, to be overly optimistic, [and] to deny or to fail to deal with reality." According to the findings of fact by the

Committee, respondent's medication was stabilized and he remained seizure free from August 1994 until February 1996.

3. We anticipate that, should respondent violate the Rules of Professional Conduct during the course of his probation, the Board will promptly report such conduct to this court pursuant to D.C. Bar R. XI.