**In re Jordan L. RING, Respondent.**

A Member of the Bar of the District of Columbia Court of Appeals.

No. 98–BG–1519.

District of Columbia Court of Appeals.

Feb. 17, 2000.

Before FARRELL and RUIZ, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

On May 18, 1998, the Supreme Judicial Court for Suffolk County, Massachusetts suspended respondent, Jordan L. Ring, from the practice of law in that jurisdiction for three months. The suspension was based on respondent's stipulation to misconduct that occurred during his divorce proceeding. Specifically, respondent transferred $406,000.00 in marital assets to his own private account overseas, and failed to pay spousal support and other expenses as ordered by the court. He was adjudicated in contempt at least seven times and twice incarcerated for his actions.

Bar Counsel reported respondent's suspension to this court. On October 28, 1998, this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). The Board has found that respondent's actions constitute misconduct in this jurisdiction, and recommends identical reciprocal discipline of a three-month suspension. The Board further recommends that this suspension be imposed *nunc pro tunc* to November 7, 1998, the date of respondent's filing of the affidavit required by D.C. Bar R. XI, § 14(g). In the interim, respondent was also suspended by the United States Court of Appeals for the District of Columbia Circuit in a reciprocal proceeding.

Bar Counsel takes no exception to the Board's report and recommendation. Respondent has not filed any opposition to the Board's report and recommendation. Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough,* 654 A.2d 1285 (D.C.1995); *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). Accordingly, it is

ORDERED that Jordan L. Ring be suspended from the practice of law in the District of Columbia for the period of three months. This suspension is ordered *nunc pro tunc* to October 28, 1998, the date of respondent's interim suspension.[1]

*So ordered.*

---

1. Because we granted respondent's motion to file his affidavit *nunc pro tunc* to November 7,

1998, the affidavit was timely filed within ten days of the interim suspension order. *See* D.C. Bar R. XI, § 14(g). Accordingly, his suspension will be deemed to run from the date of the interim suspension, which was October 28, 1998, rather than the date the affidavit was filed. *In re Mulkeen,* 606 A.2d 136, 137 (D.C.1992).