In re Elmer Douglas **ELLIS,**
Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–1065.**

District of Columbia Court of Appeals.

Submitted Dec. 17, 2003.
Decided Feb. 12, 2004.

---

Before STEADMAN and SCHWELB, Associate Judges, and FERREN, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent Elmer Douglas Ellis, a member of the Bar of the District of Columbia Court of Appeals, the Board on Professional Responsibility ("Board") has recommended that reciprocal, but not identical, sanctions be imposed and that respondent be suspended from the practice of law for thirty days. No exceptions to the Board's Report and Recommendation have been filed.

On January 23, 2001, the United States Court of Appeals for the Eleventh Circuit indefinitely suspended respondent—who had been admitted to appear *pro hac vice*—from the practice of law before that court ("Eleventh Circuit") because of his failure to respond to a show cause order why he should not be disciplined on account of dilatory conduct in an appeal before the court.[1] Thereafter, as a result of the Eleventh Circuit suspension, the U.S. District Court for the District of Columbia temporarily suspended respondent from practice before that court. On May 8, 2001, respondent belatedly filed a response to the show cause order, and on May 16, 2001, the Eleventh Circuit referred the matter to its Committee on Lawyer Qualifications and Conduct for investigation and recommendation, with the order of indefinite suspension to remain in effect pending review by that Committee. Apparently sometime in early November 2001 (the report in the record is undated), the Committee submitted its report to the Eleventh Circuit, finding that respondent had been guilty of misconduct as charged. See *supra* note 1. Noting that respondent was not a member of the bar of the Eleventh

---

1. In that case, *United States v. Hart* (appeal no. 94–7194), respondent did not file an appellate brief and record excerpt or request a further extension to file. The Eleventh Circuit sent respondent five dismissal notices over a period of nine months regarding his failure to file appellant's brief and record excerpt. The court then *sua sponte* discharged respondent as Hart's counsel because of his failure to contact the court and issued the Order to Show Cause.

Circuit and that, having been removed from the *Hart* case, respondent was no longer admitted *pro hac vice*—and that the question of suspension from practice was therefore moot—the Committee recommended that the order of indefinite suspension be lifted but that respondent not be permitted to practice before the Eleventh Circuit until all disciplinary matters before the District of Columbia Bar were resolved and respondent could produce a certificate of good standing with that Bar. On December 14, 2001, the Eleventh Circuit issued an order carrying out the Committee's recommendation.

Meanwhile, on August 28, 2001, upon receiving certified copies of both suspension orders, this court suspended respondent from the practice of law, directed him to file an affidavit pursuant to D.C. Rule XI, § 14(g), and referred the matter to the Board to determine whether discipline should be imposed on respondent as reciprocal discipline or instead the Board should proceed *de novo* pursuant to D.C. Bar R. XI, § 11. In response, on September 24, 2001, Bar Counsel filed a statement noting that the Eleventh Circuit court order was not final for purposes of reciprocal discipline and recommended that the Board hold the matter in abeyance pending final resolution by that Circuit. On November 13, 2001, citing to the recommendation of the Eleventh Circuit Committee, respondent filed a motion requesting dissolution of this court's temporary suspension order and dismissal of the disciplinary action. In reply, Bar Counsel recommended lifting the suspension pending resolution of the Eleventh Circuit proceeding. On December 4, 2001, however, this court held respondent's motion in abeyance pending respondent's filing of the required § 14(g) affidavit. On March 22, 2002, Bar Counsel recommended that respondent be suspended for thirty days, with the suspension to commence after

respondent had filed the § 14(g) affidavit. On May 15, 2002, respondent filed the required affidavit, and on May 28, 2002, the interim suspension was dissolved.

In its report and recommendation, the Board determined that respondent's misconduct before the Eleventh Circuit would be in violation of the following Rules of Professional Conduct: 1.1(a) (failure to provide competent representation), 1.1(b) (failure to serve client with commensurate skill and care), 1.3 (failure to represent client with diligence and zeal), and 8.4(d) (conduct that substantially interferes with the administration of justice). The Board stated that while reciprocal action was appropriate, respondent's misconduct warranted discipline "substantially different" from the indefinite suspensions imposed by the Eleventh Circuit. D.C. Bar R. XI, § 11(c)(4). The Board stated that the thirty days fell within the range of sanctions that would be imposed if the matter had proceeded as an original action here.

■ There is a rebuttable presumption that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C. 1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992)). However, the Board and this court may impose a different sanction if (1) the misconduct in question would not have resulted in the same punishment here as it did in the disciplining jurisdiction, and (2) the difference was substantial. *In re Sheridan*, 798 A.2d 516, 522 (D.C.2002) (quoting *In re Krouner*, 748 A.2d 924, 928 (D.C.2000)) (quoting *In re Garner*, 576 A.2d 1356, 1357 (D.C.1990)).

The Eleventh Circuit's December 14, 2001 order lifted the suspension of respondent but prohibited him from practice pending the outcome of this District of Columbia disciplinary matter and the pro-

duction of a certificate of good standing from the District of Columbia Bar. The Eleventh Circuit's ultimate discipline, therefore, was tailored to the unusual situation in which a *pro hac vice* admittee, as a result of violating that court's disciplinary rules, had become subject to a disciplinary proceeding in his home jurisdiction. From the Eleventh Circuit's perspective, the primary disciplinary decision should emanate from that home jurisdiction, the District of Columbia, and thus respondent's indefinite suspension in the Eleventh Circuit was premised not on that Circuit's substantive evaluation of his ethical offenses but on this jurisdiction's ultimate evaluation—presenting a situation much like the renvoi problem in conflict of laws jurisprudence. Accordingly, although this jurisdiction's discipline is reciprocal insofar as the substantive violation and initial sanction occurred in the Eleventh Circuit, it is primary in the sense that the discipline ultimately to be imposed in both jurisdictions will depend on our decision here.

Under these unique circumstances, we find no difficulty in concluding that respondent's misconduct in the Eleventh Circuit, resulting in his contingent, indefinite suspension there, "warrants substantially different discipline" here. D.C. Bar R. XI, §11(c)(4). Violations of the D.C. Rules of Professional Conduct similar to those of the respondent have resulted in sanctions ranging from public censures to six month suspensions. *See, e.g., In re Hill,* 619 A.2d 936, 937 (D.C.1993) (per curiam) (public censure for failing to file brief on behalf of criminal defendant, along with other violations); *In re Lewis,* 689 A.2d 561 (D.C.

1997) (per curiam) (thirty-day suspension plus fitness for failing to file motions, along with other violations); *In re Sumner,* 665 A.2d 986 (D.C.1995) (thirty-day suspension for failing to file brief, along with other violations); *In re Lyles,* 680 A.2d 408 (D.C.1996) (per curiam) (six-month suspension plus fitness for neglecting four matters including failure to file timely bankruptcy plans and appear at hearings).

■ In recommending a thirty-day suspension, the Board noted that respondent's misconduct warrants no less than a public censure, and that in light of his disciplinary history [2] the recommended thirty-day suspension would be the appropriate sanction. Because the Board's recommended sanction is consistent with previous dispositions, we adopt it. D.C. Bar R. XI, § 9(g)(1). Accordingly, it is

ORDERED that Elmer Douglas Ellis is suspended from the practice of law in the District of Columbia for the period of thirty days, effective thirty days after the date of this order. Respondent shall be given credit for fourteen days reflecting the period between May 15, 2002, when he filed the affidavit required by D.C. Bar R. XI, § 14(g) and May 28, 2002, when this court dissolved its suspension order. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).[3]

*So ordered.*

---

**2.** On October 30, 2000, respondent received an informal admonition for his failure to respond to discovery requests for eleven months, which resulted in a Superior Court show cause order, followed by a show cause hearing at which respondent failed to appear. The court then issued a warrant for respondent's arrest.

**3.** Respondent's temporary suspension of practice before the U.S. District Court for the

District of Columbia does not affect our disposition, for it merely reflects the action by

the Eleventh Circuit on which the District Court order itself is premised.