**In re Charles F. LOYD, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 02-BG-662.**

District of Columbia Court of Appeals.

Submitted July 8, 2004.
Decided July 15, 2004.

Before SCHWELB and GLICKMAN, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding the Board on Professional Responsibility recommends that respondent Charles F. Loyd, a member of our Bar [1] and the state bars of Utah and Alaska, be publicly censured. No exceptions have been taken to the Board's Report and Recommendation, which we elect to follow.

On July 13, 2000, the United States Court of Appeals for the Tenth Circuit

1. Respondent was admitted to the D.C. Bar on September 21, 1987, but has been an inactive member since 1992. He has no previous disciplinary history in this jurisdiction.

disbarred respondent for ignoring four orders to show cause arising from his failure to file the opening brief in a criminal appeal for an indigent defendant and his related failure to pay a $150 court-imposed fine. Upon learning of this action, we suspended respondent pursuant to D.C. Bar Rule XI, § 11(d) pending a determination of whether to impose reciprocal discipline.[2] Respondent filed the affidavit required by D.C. Bar Rule XI, § 14(g) on September 5, 2002.

The Board has determined that respondent's transgressions would constitute misconduct in this jurisdiction under District of Columbia Rules of Professional Conduct 1.3(a) (zealous and diligent representation) and 8.4(d) (serious interference with the administration of justice). *See, e.g., In re Ontell,* 724 A.2d 1204 (D.C.1999). The Board also has determined that the warranted sanction for respondent's misconduct in the District of Columbia differs substantially from the sanction of disbarment that the Tenth Circuit imposed. *See In re Sheridan,* 798 A.2d 516, 522 (D.C. 2002); D.C. Bar R. XI, § 11(c)(4). Taking into account that respondent has no previous record of discipline and that his misconduct did not involve dishonesty and was shown to be neglectful rather than intentional, the Board has concluded that a public censure is the appropriate sanction in this case.

The Board's findings have substantial support in the record, and we accept them. We defer as well to the Board's recommended sanction. *See In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997); D.C. Bar R. XI, § 9(g)(2). "Public censure has been the sanction imposed by the Court in other cases where respondents who had no prior discipline failed to make filings in court

and then ignored court orders, where there were not other substantial or intentional violations in the course of the misconduct." *In re Sumner,* 665 A.2d 986, 990 (D.C.1995) (appended Board report); *see also In re Hill,* 619 A.2d 936 (D.C. 1993) (publicly censuring respondent for failure to file brief and failure to respond to court orders and Bar Counsel); *In re Robertson,* 608 A.2d 756 (D.C.1992) (publicly censuring respondent for neglect of a legal matter and failure to respond to court orders, including a show cause order in a reciprocal discipline case).

Accordingly, we lift respondent's interim suspension and

ORDER that Charles F. Loyd be, and hereby is, publicly censured.

---

2. We are informed that the Third Judicial District Court of Utah and the United States District Court for Utah publicly reprimanded respondent as a consequence of the Tenth Circuit's action.