*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-977

IN RE TILMAN L. GERALD, RESPONDENT.

A Member of the Bar

of the District of Columbia Court of Appeals

(Bar Registration No. 928796)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee

Approving Amended Petition for Negotiated Discipline

(DDN 056-15)

(Decided: January 24, 2019)

Before GLICKMAN and FISHER, *Associate Judges*, and FERREN, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R.

XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, the District of Columbia Court of Appeals Board on Professional Responsibility Ad Hoc Hearing Committee (the Committee) recommends approval of an amended petition for negotiated attorney discipline. Respondent Tilman L. Gerald's professional misconduct includes his failure to communicate with a client, notify that client in writing of the basis and rate of his fee, and failure to protect that client's interest.

Respondent acknowledged that he (1) failed to provide competent representation and serve a client with skill and care; (2) failed to zealously and diligently represent a client; (3) failed to act with reasonable promptness; (4) failed to keep a client reasonably informed; (5) failed to explain matters to a client; (6) failed to explain his fee and scope of representation; or (7) explain his contingency fee, thereby violating Rules 1.1(a), 1.1(b), 1.3 (a), 1.3 (c), 1.4 (a), 1.4 (b) of the District of Columbia Rules of Professional Conduct.  As a result, Disciplinary Counsel and respondent negotiated the imposition of discipline in the form of a ninety-day suspension beginning thirty days after this court issues its order, with sixty days stayed in favor of one-year of unsupervised probation. During the thirty-day suspension and one year probationary periods respondent shall (1) not engage in any misconduct in this or any jurisdiction; (2) complete nine hours of Continuing Legal Education (CLE) courses preapproved by Disciplinary Counsel; and (3)

complete the *Basic Training and Beyond* course provided by the D.C. Bar. Additionally, if Disciplinary Counsel has probable cause to believe respondent violated these conditions, Disciplinary Counsel may seek to revoke respondent's probation pursuant to D.C. Bar R. XI, § 3 and D.C. Board R. 18.3 and request that respondent serve the remainder of the ninety-day suspension. After reviewing the amended petition for negotiated discipline and supporting affidavit, and conducting a limited hearing, the Committee concluded that the amended petition for negotiated discipline should be approved.

We accept the Committee's recommendation because the Committee properly applied D.C. Bar R. XI § 12.1 (c), and we find no error in the Committee's determination. Based upon the record before the court, the negotiated discipline of a ninety-day suspension from the practice of law with sixty days stayed in favor of one year of unsupervised probation is not unduly lenient considering the existence of mitigating factors and the discipline imposed by this court for similar actions.[1]

---

[1] *See generally In re Johnson*, 158 A.3d 913, 915 (D.C. 2017) (imposing ninety-day suspension with sixty days stayed in favor of one-year probation for failure to meet a filing deadline or file a notice of appeal); *In re Ontell*, 724 A.2d 1204, 1204 (D.C. 1999) imposing ninety-day suspension with sixty days stayed in favor of one-year probation for failure to provide competent representation, serve a client with skill and care, represent his client zealously and diligently, or reasonably inform his

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Tilman L. Gerald is hereby suspended from the practice of law in the District of Columbia for ninety days with sixty days stayed in favor of one-year unsupervised probation effective thirty-days from the date of issuance of this opinion. During the thirty-day suspension and one-year probationary period respondent shall (1) not engage in any misconduct in this or any jurisdiction; (2) complete nine hours of CLE courses preapproved by Disciplinary Counsel; and (3) complete the *Basic Training and Beyond* course provided by the D.C. Bar. If Disciplinary Counsel has probable cause to believe that Respondent has violated the terms of his probation, Disciplinary Counsel may seek to revoke Respondent's probation pursuant to D.C. Bar R. XI, § 3 and Board Rule 18.3, and request that Respondent be required to serve the remaining sixty days of suspension previously stayed herein. We direct respondent's attention to the requirements of D.C. Bar R.

---

client; *In re Hallmark*, 831 A.2d 366, 371 (D.C. 2003) (reiterating if the recommended sanction falls within a wide range of acceptable outcomes this court generally adopts and imposes the recommended discipline).

XI, § 14 (g) requiring respondent to file an affidavit with this court in order for his suspension to be deemed effective for purposes for reinstatement.

*So ordered.*