**In re William J. CHADWICK, Respondent.**

**No. 83–1294.**

District of Columbia Court of Appeals.

Submitted Dec. 19, 1990.

Decided Jan. 31, 1991.

Michael S. Frisch, Asst. Bar Counsel, with whom Thomas E. Flynn, Bar Counsel at the time the statement was filed, Washington, D.C., was on the statement filed for the Office of Bar Counsel before the Bd. on Professional Responsibility.

Jamie S. Gorelick, Washington, D.C., was on the statement for respondent filed before the Bd. on Professional Responsibility.

Before BELSON and STEADMAN, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

On July 27, 1989, the Supreme Court of California ordered that respondent William J. Chadwick be suspended for five years from the practice of law in California, with an actual suspension period of one year, and probation involving a number of conditions.[1] Before us is a recommendation of the Board on Professional Responsibility that reciprocal discipline be imposed upon respondent pursuant to D.C.App.R. XI § 11 (1990). Respondent interposes before us no objection to the proposed action.

We generally agree with the analysis set forth by the Board in its annexed report and accept its recommendation. Although, as the Board points out, we have never imposed a condition of probation in a case of this type, our rules would not preclude such action[2] and we agree with the Board that in this reciprocal discipline case, no reason exists to impose a sanction different from the one imposed in California. We also agree with the Board's determination that no purpose would be served in this case by imposing upon respondent, a California lawyer, additional probationary conditions in the District of Columbia.

Since respondent has filed the requisite affidavit that he has not practiced law in this jurisdiction since September 6, 1989, the commencement of his suspension in

---

1. The disciplinary violations leading to this sanction grew out of the same transaction which resulted in the one-year suspension of James D. Hutchinson in the District of Columbia. *See In re Hutchinson,* 534 A.2d 919 (D.C. 1987) (en banc).

2. D.C.App.R. XI § 3(a)(7) authorizes probation, in lieu of or in addition to any other sanction, for not more than three years. We do not think the imposition of an effective four-year probation period in this reciprocal discipline case renders it "substantially different discipline" under R. XI § 11(c)(4). *See In re Coury,* 526 A.2d 25 (D.C.1987).

California, the reciprocal discipline will be imposed *nunc pro tunc* to that date. *In re Goldberg*, 460 A.2d 982 (D.C.1983).[3]

Accordingly, it is ORDERED that respondent William J. Chadwick is suspended from the practice of law in the District of Columbia for five years, commencing *nunc pro tunc* on September 6, 1989, with execution of four years of the suspension stayed and that he is placed on probation for that period, with an actual suspension from practice of one year and with all the other terms and conditions of probation as imposed by the Supreme Court of California[4] to serve as terms and conditions of his probation in the District of Columbia.

*So ordered.*

### APPENDIX

DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

Bar Docket No. 87–82

IN THE MATTER OF WILLIAM J. CHADWICK, RESPONDENT.

---

### REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

On February 5, 1990, the District of Columbia Court of Appeals issued an order directing the Board on Professional Responsibility to determine whether reciprocal discipline should be imposed on Respondent resulting from the California Supreme Court's discipline imposed on Respondent in that state. The California Supreme Court suspended Respondent for five years with the imposition of all but the first year of that period suspended and placed him on probation for five years with certain conditions.

The disciplinary violations in California grow out of the same transaction which resulted in the one year suspension of James D. Hutchinson by the District of Columbia Court of Appeals in *In re Hutchinson*, 534 A.2d 919 (D.C.1987) (*en banc*). In short, Chadwick, as did Hutchinson, traded in certain securities based on inside information, communicated material, nonpublic information concerning a tender offer to others, and lied to the Securities and Exchange Commission about his trading. Both Hutchinson and Chadwick ultimately entered a guilty plea to a misdemeanor violation of 15 U.S.C. § 78ff(a) and 17 C.F.R. § 240.14e–3(d) which, in general, prohibits the communication of inside information regarding tender offers.

Hutchinson's disciplinary charges proceeded through the District of Columbia disciplinary system in the normal course and resulted in an *en banc* decision by the District of Columbia Court of Appeals suspending him for one year. At or about the same time, Bar Counsel filed a petition against Chadwick asserting essentially the same violations he asserted against Hutchinson. On January 6, 1984, the Board

**3.** The "Submission on Behalf of William J. Chadwick," filed by respondent's counsel with the Board, states that respondent "is (and has long been) an inactive member of this Bar and has not practiced in this jurisdiction for many, many years." An affidavit by respondent annexed to this submission likewise states that he is currently an inactive member of our Bar. An inactive member of our Bar may not in any manner engage in the practice of law in the District of Columbia, as defined in D.C.App.R. 49(b), which includes "in any manner hold[ing] out as authorized or qualified to practice law in the District of Columbia." (Indeed the act of suspending an inactive member "from the practice of law in the District of Columbia" may have a certain theoretical quality to it, although it does of course affect the right to return to active status under D.C.App.R. II § 2(4).) Furthermore, the imposition of the one-year sus-

pension *nunc pro tunc* means that the suspension has now terminated. Therefore, the manner in which the notice to client provisions and other requirements of D.C.App.R. XI § 14 apply in this case may be unclear. If the Board, Bar Counsel and respondent are in disagreement, further guidance may be sought from this court.

**4.** These conditions include, *inter alia,* reporting to a California State Bar probation monitor and taking and passing the Professional Responsibility examination. The Board does not include in its recommendation that we require proof of rehabilitation as a condition of reinstatement, see D.C.App.R. XI § 3(a)(2), § 16. We agree that if respondent satisfies all the terms of his suspension and probation in California and is reinstated there, he shall thereupon be eligible for reinstatement here.

granted Chadwick's motion to defer proceeding in this case pending resolution of the State Bar of California's proceedings against him.

The California Supreme Court has now held that Chadwick engaged in acts involving moral turpitude including agreeing with Hutchinson to lie to the SEC, lying to the SEC and trading in securities with the use of inside information. The Court suspended Chadwick for five years, suspended imposition of all but one of those years of suspension, placed Chadwick on probation for that same period with the condition that he comply with the provisions of the State Bar Act and the Rules of Professional Conduct, file quarterly reports attesting to his having complied with those provisions, report to a State Bar probation monitor and take and pass the Professional Responsibility examination prior to the expiration of the period of his actual suspension.

Chadwick, in response to the Court of Appeals' direction to the Board, argues that [no more than] reciprocal discipline as described in the District of Columbia Court of Appeals Order should be imposed. Chadwick reads that Order as describing the discipline imposed in California as limited to a suspension of five years with the execution of all but one year suspended. In short, Chadwick does not believe that the District of Columbia Court of Appeals had in mind other conditions of probation imposed by California as part of the reciprocal discipline that would be imposed if the Board concludes that reciprocal discipline is appropriate.

Bar Counsel, on the other hand, argues that reciprocal discipline should be imposed and that, because Chadwick's conduct was arguably more serious than Hutchinson's, and because the proceedings against him here have been substantially delayed, all the conditions imposed by California should be imposed here as reciprocal discipline.

While we agree with Bar Counsel and Chadwick that reciprocal discipline should be imposed, we disagree with the approach taken by both. We do not believe that the fact that Chadwick's proceeding was delayed for a substantial period of time can be held against him. He properly moved this Board to defer consideration of his case until a final disposition of charges brought against him in California. The Board granted that motion. Perhaps, in hindsight, the Board should not have granted that motion, but the fact remains that it did and Chadwick should not be penalized because the Board granted relief he sought.

Nor do we agree with Bar Counsel that Chadwick's conduct was more serious than Hutchinson's, and therefore, all the California probation conditions should be imposed. Chadwick's conduct may have been more or less serious than Hutchinson's.[1] All we can say from the record in the two cases is that Chadwick appears to have engaged in virtually the identical conduct as Hutchinson. He may have been the instigator of the scheme that led to their misconduct, but Hutchinson fully endorsed it and both participated in it to the same extent.

Finally, we do not agree with Chadwick that, because the District of Columbia Court of Appeals in its Order directing the Board to consider reciprocal discipline did not recite the fact that Chadwick was placed on probation, that we are somehow precluded from recognizing that Chadwick was placed on probation in California. The simple fact is that he was placed on probation there with certain conditions.

We turn, then, to the question of whether it is proper to place Chadwick on probation on the same terms in the District of Columbia as were imposed in California. Put another way, is probation added to a one year suspension within the range of discipline that might be imposed on Respondent had he been disciplined here in

---

**1.** The California Supreme Court made certain "culpability" findings that are at odds with findings made here in Hutchinson's case. Specifically, the California Court concluded that lying to the SEC was Hutchinson's idea and that it

was Chadwick who convinced Hutchinson to correct his testimony to the SEC. In *Hutchinson,* this Board and the Court of Appeals found just the opposite.

the first instance? The Board has never recommended, and the Court has never imposed, probation in a case other than one involving a respondent with either medical or psychological problems. Chadwick has neither. However, we have not ruled out the possibility of imposing probation in other circumstances. In light of that, we cannot say that the imposition of probation under these circumstances, coupled with an actual suspension equal in length to one which would have been imposed here *ab initio*, is so far out of line with a sanction that would be imposed in the District of Columbia that reciprocal discipline of the same kind and of the same nature is not appropriate. Beyond that, neither Bar Counsel nor Chadwick object to the length and structure of the suspension. In light of their agreement on that point, we can think of no reason to recommend a sanction different than the one imposed in California.

That leaves us only with the question of whether the California conditions of probation should be imposed on Chadwick independently in the District of Columbia. We believe that no purpose would be served by doing so. Chadwick is obligated by his California probation to comply with various notice provisions of the State Bar Act, to file quarterly reports attesting to his having met those requirements, to report to a California probation monitor and take and pass the Professional Responsibility examination prior to the expiration of his probation. Chadwick will, of course, be required by Rule XI, Section 14 to notify clients of his suspension and file appropriate statements in the District of Columbia showing his compliance with the notice requirements. Beyond that, we are of the opinion that California's monitoring and Professional Responsibility examination requirements can serve as probationary conditions here. That is, we believe that Chadwick's compliance with those conditions in California should be imposed as conditions of probation in the District of Columbia. California is where Chadwick lives. It is the state in which his principal bar admission occurred and where he practiced for some time prior to his suspension. If Chadwick satisfactorily satisfies these requirements in California, his actions should satisfy his obligations here. If he does not, we are free to impose the balance of his 5 years suspension.

Accordingly, we recommend that the Court of Appeals impose reciprocal discipline on Chadwick pursuant to Rule XI, Section 11(f), that he be suspended for 5 years with execution of four years of the suspension stayed and that he be placed on probation for 5 years with an actual suspension from practice of one year[2] and with all other terms and conditions of probation as imposed by the California Supreme Court to serve as terms and conditions of his probation in the District of Columbia.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: /s JEFFREY FREUND
  Jeffrey Freund

Date: June 11, 1990

All members of the Board concur in this Report and Recommendation except Mr. Carter who did not participate and Mr. Donnenfeld who was recused.

---

**2.** Pursuant to the Court of Appeals decision in *In re Goldberg*, 460 A.2d 982 (D.C.1983), Chadwick has filed an affidavit reciting that he has not practiced law in the District of Columbia since the commencement of his California suspension. Accordingly, we recommend that the term of his probation and his one year suspension be imposed effective September 6, 1989, *nunc pro tunc.*