### IV. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

 Finally, we turn to the claim of John McKethean for negligent infliction of emotional distress.

We held this case in abeyance pending the decision of the en banc court in *Williams v. Baker,* 572 A.2d 1062 (D.C. 1990). That decision completely disposes of Mr. McKethean's claim. It is undisputed that he was at his home on L Street, at least a block away from the scene of the accident, when the Williams car plowed into the group of persons waiting at the bus stop. Because he was not within the zone of danger so as to fear for his own personal safety, he cannot recover for emotional distress. *Id.* at 1064. "[T]here can be no recovery for mental distress and its consequences resulting exclusively from observation of harm or danger to a third person." *Id.* at 1069 (citations omitted). Since that is all that Mr. McKethean alleged, the trial court properly ruled against him on his claims against WMATA and the District.

### V. CONCLUSION

For the foregoing reasons, we hold that the trial court did not err in granting summary judgment for both WMATA and the District of Columbia. That judgment is therefore

*Affirmed.*

In re Louis B. YOUMANS, Respondent, A Member of the Bar of the District of Columbia Court of Appeals.

No. 90–582.

District of Columbia Court of Appeals.

Submitted March 14, 1991.
Decided April 16, 1991.

Before STEADMAN and FARRELL, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

This reciprocal discipline matter arises from New Jersey's two-year suspension of Respondent for a number of violations of that state's Rules of Professional Conduct. Our Board on Professional Responsibility has recommended that reciprocal discipline be imposed in our jurisdiction. *See* D.C. Bar Rule XI § 11. Respondent has not made any appearance or entered any opposition either before the Board or before us. We accept the Board's recommendation.

Following proceedings at which Respondent appeared and testified, the New Jersey Supreme Court found that he had engaged in numerous disciplinary violations in matters involving five different clients. It is unnecessary to set forth the details. In brief, Respondent borrowed money from clients at a time when his firm had filed a petition for bankruptcy without revealing this fact, neglected a client's claim which resulted in its dismissal, refused to promptly return a client's check upon request and threatened criminal prosecution when she stopped payment, and endorsed a settlement check payable to a client when authority to do so had been specifically revoked.[1] For these actions, Respondent was found to have committed multiple violations of those New Jersey Rules of Professional Conduct[2] which were analogous to our then DR 1–102(A)(4) (dishonesty, fraud, deceit, or misrepresentation) and DR 6–

101(A)(3) (neglect of a legal matter), and was suspended for two years.[3]

■ New Jersey in addition found Respondent to have violated its Rules of Professional Conduct when he deposited a client's advance on fees into his personal account instead of his trust account. The rule in the District of Columbia is different. Under D.C.Legal Ethics Committee Opinion 113, fee advances are not required to be deposited in a trust account.[4] Thus, this "misconduct elsewhere does not constitute misconduct in the District of Columbia," D.C.Bar Rule XI § 11(c)(5), and may not be the subject of reciprocal discipline. *See In re Gregory*, 574 A.2d 265 (D.C.1990).

■ We agree with the Board that even with the exclusion of this particular New Jersey violation, the two-year suspension is "within the range of sanctions that would be imposed" in the District of Columbia, *In re Garner*, 576 A.2d 1356, 1357 (D.C.1990), for neglect and multiple instances of deceit involving several clients had these other New Jersey violations occurred here. *See, e.g., In re Alexander*, 496 A.2d 244 (D.C. 1985); *In re Sheehy*, 454 A.2d 1360 (D.C. 1983).

Accordingly, it is ORDERED that respondent Louis B. Youmans is suspended from the practice of law in the District of Columbia for a period of two years, with reinstatement conditioned on proof of fitness, effective nunc pro tunc from the date of this court's order of temporary suspension dated June 29, 1990.

*So ordered.*

---

1. No charge was made that Respondent failed to give the client her share of the settlement check.

2. At the time, the new Rules of Professional Conduct had gone into effect in New Jersey, although not yet in the District of Columbia.

3. New Jersey requires a petition for reinstatement on proof of fitness. See N.J. Supreme Court Rule 1:20–11(h).

4. This opinion is now codified in section 1.15(d) of our Rules of Professional Conduct.