**In re Jin–Ho CYNN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 93–BG–720.**

District of Columbia Court of Appeals.

Submitted Jan. 23, 1995.

Decided March 2, 1995.

---

Before WAGNER, Chief Judge, and STEADMAN and FARRELL, Associate Judges.

PER CURIAM:

Before us is a reciprocal discipline case. By order dated April 23, 1993, the Virginia

---

State Bar Disciplinary Board imposed a public reprimand, with terms and conditions,[1] on respondent for improper treatment of interest on his client trust account. Pursuant to D.C.Bar R. XI, § 11, the Board on Professional Responsibility recommends to this court that we impose identical discipline on respondent in this jurisdiction. No opposition or exceptions to the recommendation of the Board on Professional Responsibility have been filed by either respondent or Bar Counsel; indeed, respondent has taken no part whatever in these proceedings at any level. *See In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995) (by nonparticipation, attorney admits liability and concedes that imposition of reciprocal discipline is warranted; usual deferential standard to Board's recommendation of sanction heightened). We accept the Board's recommendation to impose identical reciprocal discipline. Accordingly, it is

ORDERED that respondent, Jin–Ho Cynn, be, and he hereby is, publicly reprimanded, subject to compliance with all the terms and conditions imposed by the Virginia State Bar Disciplinary Board, see note 1, *supra,*[2] and it is further

ORDERED that respondent's failure to comply with any one or more of said terms and conditions will result in the alternative sanction of suspension of respondent's license to practice law in the District of Columbia for a period of one (1) year.

*So ordered.*

---

1. Those terms and conditions were the following:

    a. Respondent will arrange to have a qualified independent third party with credentials approved by Bar Counsel certify to Bar Counsel within 30 days of the Board's order that Respondent's attorney trust account complies fully with the terms and provisions of Canon 9;

    b. Respondent will, within 30 days of the Board's order, disclose to Bar Counsel all interest generated on all attorney trust accounts maintained by Respondent throughout the course of his practice:

    c. Respondent will pay over to IOLTA or *pro rata* to his clients, within four (4) years of the date of the Board's order, all interest generated on all attorney trust accounts maintained by Respondent throughout the course of his practice.

    AND IT IS FURTHER ORDERED that Respondent's failure to comply with any one or more of the foregoing agreed terms will result in the alternative sanction of suspension of Respondent's license to practice law for a period of ONE (1) year.

2. Pursuant to what we understand to be implicit in the Board of Professional Responsibility's recommendation, respondent's faithful compliance with the Virginia terms and conditions shall satisfy his obligations here. *See In re Chadwick,* 585 A.2d 798 (D.C.1991) (per curiam).