In the Matter of John L. McGANN, Esquire.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 94–BG–1221.

District of Columbia Court of Appeals.

Oct. 23, 1995.

Before FARRELL and KING, Associate Judges; and BELSON, Senior Judge.

## ORDER

PER CURIAM.

On consideration of the report and recommendation of the Board on Professional Responsibility, recommending that the respondent be suspended for thirty days, letter from Bar Counsel electing not to note an exception to the report and recommendation of the Board on Professional Responsibility, and it appearing that respondent has not filed an exception to the discipline recommended by the Board on Professional Responsibility, it is

ORDERED, *sua sponte*, that, pursuant to Rule XI, § 11(f)(1) of the Rules Governing the Bar, effective January 1, 1995, the recommendation by the Board on Professional Responsibility to impose discipline consisting of a thirty day suspension from the practice of law is hereby adopted and imposed by this Court. It is

FURTHER ORDERED that said thirty day suspension shall begin thirty days after the date of this order. It is

FURTHER ORDERED that respondent's attention is drawn to the requirement of D.C.App.Rule XI, § 14 relating to suspended attorneys and to the provisions of § 16(c)

dealing with the timing of eligibility for reinstatement as related to compliance with § 14, including the filing of the required affidavit.

### APPENDIX

## DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of JOHN L. McGANN, Respondent.

Bar Docket No. 390–94

## REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This is a reciprocal matter from the Commonwealth of Virginia. On the basis of a disposition negotiated with the Fourth District Committee, Section 1, of the Virginia State Bar, on August 4, 1994, Respondent was issued a Public Reprimand, the equivalent of a reprimand by this Board in the District of Columbia. The Public Reprimand was issued after Respondent had failed to fulfill the requirements of all of the terms of a Private Reprimand issued by the Virginia Bar on June 17, 1993.

Bar Counsel recommends that reciprocal discipline be imposed in this matter.

### Underlying Facts

The discipline imposed in Virginia arose from the representation by Respondent of two clients, Samuel O. Agyei and Jamal Waziri, in separate personal injury cases. Each of the clients was treated by the same physician, Dr. Michael Redlich, the complainant.

Agyei and Waziri executed assignments and authorizations in October 1987 and February 1988 respectively, pursuant to which Respondent was required, if the cases were settled, to disburse amounts owing to Dr. Redlich from the settlement funds.

Agyei's case was settled in October of 1988. Waziri's case was settled in April or May of 1989. Respondent failed to pay Dr. Redlich the sums of $300.00 and $70.00 undisputedly owed by Agyei and Waziri.

Dr. Redlich unsuccessfully attempted to collect the amount owed by Agyei for more than three years. The record does not reflect the attempts made by Dr. Redlich to collect Waziri's unpaid bill.

On April 10, 1992, Dr. Redlich filed a grievance against Respondent with the Virginia State Bar. On May 12, 1992, the Virginia Assistant Bar Counsel was informed by Dr. Redlich's office manager that a check for $200.00 had been received from Respondent, representing "full payment" in connection with the Agyei and Waziri cases.

In connection with the investigation of Dr. Redlich's complaint, a subpoena was issued and served on the bank where Respondent maintained his trust account. The subpoena response and further investigation disclosed that (1) Respondent had failed to provide a settlement statement to Agyei, (2) Respondent did not maintain a "subsidiary ledger," (3) Respondent "used his trust account to pay personal and office expenses not related to client matters," and (4) Respondent "failed to segregate client funds from his own funds in the trust account."

The terms imposed in connection with the June 17, 1993, Private Reprimand provided, among other things, that the Virginia Bar would perform an audit of Respondent's office procedures to verify that he had adopted a number of specified record keeping procedures. Thereafter, the Virginia District Committee, following a hearing, determined that Respondent had failed to comply fully with the terms imposed in connection with the Private Reprimand, and, as stated heretofore, imposed a Public Reprimand on the basis of a negotiated disposition of the disciplinary offenses.

### Code Violations Found in Virginia

The Virginia District Committee found as follows

(1) Respondent's failure to provide Agyei with a closing or settlement agreement violated DR 2–105 of the Virginia disciplinary rules.

(2) Respondent's failure to pay the medical lien relating to Agyei's personal injury case

violated DR 9–102 of the Virginia disciplinary rules.

(3) Respondent's failure to maintain proper account records violated DR 9–103 of the Virginia disciplinary rules.

(4) Respondent's use of trust account funds to pay personal and other expenses unrelated to client matters, and his failure to withdraw unearned fees from his trust account constituted commingling, in violation of DR 9–102 of the Virginia disciplinary rules.

### Reciprocal Discipline Should Not Be Imposed

As will be explained below, the Board does not agree with Bar Counsel that reciprocal discipline should be imposed in this matter.[1]

Rule XI, § 11(c) sets forth five exceptions, any one of which, if established by clear and convincing evidence, would preclude the imposition of reciprocal discipline. These exceptions in essence are:

(1) The procedures elsewhere were of such a nature as to constitute a deprivation of due process.

(2) There was a substantial infirmity of proof establishing the misconduct.

(3) The imposition of the same discipline would result in grave injustice.

(4) The misconduct established warrants substantially different discipline in the District of Columbia.

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

The District of Columbia Court of Appeals in *In re Zilberberg*, 612 A.2d 832 (D.C.1992), a Virginia reciprocal case, rejected the Board's disbarment recommendation, and ordered that the respondent be suspend-

ed for a period of three years (the sanction imposed in Virginia). The Court held that Rule XI, § 11(c) creates a "rebuttable presumption that the discipline will be the same in the District of Columbia as it was in an original disciplining jurisdiction." (*Id.* at 834) In the earlier decision in *Matter of Velasquez*, 507 A.2d 145 (D.C.1986), a reciprocal case from Maryland, the Court held that the rule "provides that we 'shall impose the identical discipline' unless it is 'clearly' shown that an exception applies." (*Id.* at 146)

Bar Counsel concluded that two of Respondent's offenses (failure to pay the health care provider and failure to provide a closing statement) did not constitute misconduct in the District of Columbia. However, he determined that the remaining violations found to have been committed by Respondent (commingling of client funds with his personal funds, and failure to maintain complete records of client funds) did constitute misconduct in this jurisdiction. As to those offenses, Bar Counsel found that none of the five exceptions has been established by clear and convincing evidence.

Bar Counsel apparently has concluded that a matter such as this one, where the sanction was based on a negotiated disposition in the originating jurisdiction, should, insofar as the imposition of discipline in this jurisdiction is concerned, be treated as if there had been no negotiated disposition.

We are not persuaded to this view. We note that neither *Zilberberg* nor *Velasquez* involved negotiated dispositions. However, in deciding this case, it is unnecessary to reach that question for the reason that there is clear and convincing evidence on this record that the misconduct established warrants substantially different discipline in the District of Columbia, thus, precluding the imposition of reciprocal discipline.[2]

---

1. Bar Counsel recommended that "Respondent should be subject to a public reprimand in this jurisdiction." Since Respondent was issued a Public Reprimand by the Virginia District Committee (and not by the Supreme Court of Virginia), we assume that Bar Counsel is recommending that a public reprimand be imposed by this Board and not by the District of Columbia Court of Appeals.

2. Bar Counsel expressly found that "Respondent's commingling would call for a greater sanction in this jurisdiction," citing three decisions of the District of Columbia Court of Appeals. (See Bar Counsel's Statement at page 7).

In deciding that reciprocal discipline should not be imposed in this case, we have considered the decision in *Matter of Jin–Ho Cynn,* 655 A.2d 319 (D.C.1995), in which the Court accepted the Board's recommendation that reciprocal discipline in the form of a public reprimand be imposed in a case also involving a negotiated disposition. There, the Board was "troubled by the silence of the Virginia Disciplinary Board" with respect to whether the respondent's actions constituted misappropriation. But "since the Virginia record [did not] raise the issue," the Board felt it would be inappropriate to "offer conjecture in the context of this report."

Here, the Board need not resort to conjecture in order to find commingling. The record clearly and convincingly establishes, and Respondent does not dispute, that he "failed to segregate client funds from his own funds in the trust account," and that he "used his trust account to pay personal and office expenses not related to client matters."

Respondent's conduct unquestionably constituted commingling under the law of this jurisdiction. *See, In re Ross,* 658 A.2d 209 (D.C.1995), *In re Hessler,* 549 A.2d 700 (D.C. 1988), and *In re Ingram,* 584 A.2d 602 (D.C. 1991). And, although one might well infer that Respondent also misappropriated his client's funds, we cannot so find on the basis of clear and convincing evidence. Accordingly, the question to be determined is: what sanction should be imposed in this jurisdiction where it has been established that Respondent commingled his funds with client funds, and maintained deficient trust account records?

### Discussion of Sanction

The District of Columbia Court of Appeals has at least twice warned the Bar that it views commingling of client's funds with personal funds as a serious offense because of " 'possibility in many cases, and the danger in all cases, that such commingling will result in the loss of the clients' money.' " *In re Hessler,* 549 A.2d 700, 702 (D.C.1988). In *Hessler,* the Court "emphasize[d] the ban against commingling to alert the bar that in future cases of even 'simple commingling,' a sanction greater than public censure will be imposed.' " Id. at 703.

The Court's decisions in *In re Gilchrist,* 488 A.2d 1354 (D.C.1985), and *In re Artis,* No. M–103–81 to publicly censure the respondents, who had engaged in simple commingling, were issued prior to its *Hessler* warning.

In *In re Ingram,* 584 A.2d 602 (D.C.1991), a simple commingling case, the Court "with considerable hesitation" issued a public censure rather than a suspension primarily because the commingling by the respondent "ended well before issuance of this court's admonition in *Hessler* regarding future cases of commingling." Id. at 603.

The most recent post-*Hessler* case decided by the District of Columbia Court of Appeals is *In re Ross, supra.* There, the respondent commingled funds in violation of Rule 1.15(a) of the Rules of Professional Conduct, and also violated Rule 1.15(b), which requires an attorney to advise a third party of settlement proceeds in his or her possession and to pay over those proceeds promptly upon settlement.

The hearing committee in *Ross* recommended that the respondent be publicly censured. However, this Board, relying on *Hessler* and *Ingram,* recommended a thirty-day suspension. The Court noted that, in *Hessler,* it had emphasized the seriousness of commingling a client's funds with a lawyer's funds, and referred again to its warning with respect to the sanction that could be expected even in simple commingling cases.

We explained that the purpose of the rule against commingling was not only to prevent the most serious offense of misappropriation, but also to avoid the possibility of unintentional loss of a client's funds to circumstances beyond the control of the attorney. Id. at 702. As we said in an earlier case, '[i]t strains common sense to think that [an experienced practitioner] would be unaware of the prohibition against commingling,' and in any event ignorance is not a defense to a commingling charge. *In re Harrison,* 461 A.2d 1034, 1036, n. 3 (D.C.1983) (Slip Op. at 5)

The Court found it to be significant that the respondent's misconduct took place more than two and a half years after *Hessler,* and pointed out that *"Hessler* makes clear that the 'action [of commingling] alone puts the client's funds at risk regardless of the adequacy of the balance.'" *Ibid.* The Court also noted that *Ingram, supra,* involved no disciplinary violation other than commingling, whereas the respondent in *Ross* violated both Rule 1.15(a) and 1.15(b).

The Court concluded, after giving deference to the Board's recommendation, "and in light of our admonition to the Bar almost seven years ago in *Hessler,"* that there was no basis for leniency, and that, accordingly, an order suspending the respondent for thirty days should be entered.

In the Board's view, the Court's decision in *Ross* controls the instant case. Both cases involved more than simple commingling. The commingling in each case occurred long after the Court's admonition in *Hessler.* Accordingly, we believe a sanction greater than reprimand by the Board should be issued by the Court.

#### Recommendation

In view of the foregoing, the Board recommends that the District of Columbia Court of Appeals issue an order suspending Respondent from the practice of law in this jurisdiction for a period of thirty days.

BOARD ON PROFESSIONAL RESPONSI-BILITY

  By:  [Signature]
    James C. McKay

July 13, 1995

All members of the Board concur in this report and recommendation, except Ms. Christensen, Mr. Banks, and Mr. Williams, who did not participate.