**In re William H. BUTTERFIELD, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 03–BG–578.**

District of Columbia Court of Appeals.

Submitted May 18, 2004.

Decided June 17, 2004.

---

Before FARRELL and REID, Associate Judges, and FERREN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility, in accord with the Hearing Committee, has found that respondent, William H. Butterfield, violated Rule 1.7(b)(1) and (2) of the District of Columbia Rules of Professional Conduct when he failed to perform a conflicts check and failed to obtain written consents, or to withdraw, once he learned of the conflict. The Board recommends that respondent be suspended from the practice of law for thirty days. Two members dissented and recommended a sixty-day suspension with a requirement that respondent take three hours of continuing legal education in the area of ethics and professional responsibility.

Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent filed a statement saying that he will not file any exception.

This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Respondent's failure to file any exception to the Board's report and recommendation increases this court's already substantial deference to the Board. D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997).

We find substantial support in the record for the Board's findings, and, accordingly, we accept them. The record substantiates that respondent did not perform a conflicts check in the regular course of business, and that in this case he failed to make a preliminary check, and further failed to take action once he was fully aware of the conflict. More specifically, he failed to notify the affected parties and attempt to obtain waivers or, failing that, to withdraw from representation of the new client. We adopt the sanction recommended by the Board. Especially when considered in light of respondent's election not to take exception to the board's recommendation, the proposed sanction cannot be held inconsistent with discipline recommended in comparable cases. *See In re Cohen,* 847 A.2d 1162 (D.C.2004) (thirty-day suspension for conflict-of-interest violation and failure to supervise firm attorney responsible for false statement to a tribunal); *compare with In re Shay,* 756 A.2d 465 (D.C.2000) (ninety-day suspension for conflict and dishonesty) and *In re Jones–Terrell,* 712 A.2d 496 (D.C.1998) (sixty-day suspension for conflict and other violations, including dishonesty). Accordingly, it is

ORDERED that William H. Butterfield is suspended from the practice of law in the District of Columbia for the period of thirty days, effective thirty days after the date of this order. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*