**In re John L. McGANN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–1577.**

District of Columbia Court of Appeals.

Dec. 30, 2004.

Before FARRELL and REID, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

On September 18, 2001, the Virginia State Bar Disciplinary Board imposed a

*States,* 683 A.2d 1087, 1095 (D.C.1996) (en banc) (citations omitted); *cert. denied,* 520

U.S. 1148, 117 S.Ct. 1323, 137 L.Ed.2d 484 (1997)).

public reprimand upon the respondent,[1] along with the condition that he take certain continuing education courses, after finding that he had represented multiple criminal defendants facing prosecution arising out of the same matter, even though the clients' interests were in conflict. When respondent did not immediately comply with the conditions, he was temporarily suspended by Virginia. After he complied, he was reinstated and no further action was taken by Virginia.

Bar Counsel notified us of this action, and pursuant to D.C. Bar R. XI, § 11(d), we referred the matter to the Board on Professional Responsibility ("Board") for a determination of whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether the Board would proceed *de novo*. Bar Counsel originally urged different discipline. The Board agreed, and now recommends that we suspend respondent for 30 days as the appropriate reciprocal discipline. Bar Counsel has not taken exception to the Board's report and recommendation, and respondent has not filed a response.[2]

Our review in uncontested disciplinary cases is limited and the presumption is in favor of identical reciprocal discipline. *See In re Goldsborough*, 654 A.2d 1285 (D.C.1995); *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992); D.C. Bar R. XI, § 11(f). Respondent's conduct in Virginia demonstrated a patent conflict of interest (in violation of D.C. Bar Rule 1.7(b)(2) and (3)), prejudiced his clients, and was compounded by a serious failure to communicate with them (in violation of D.C. Bar Rule 1.4(a)). These violations, if committed here under different circumstances, might have warranted the imposition of a public censure.[3] However, in this case respondent does not have an unblemished ethical record; to the contrary, he has had prior discipline (for commingling of personal and client funds) which demonstrates a continuing failure to comply with well-known and unmistakable ethical obligations.[4] Further, in this case the underlying conflict of interest was obvious.[5] Therefore, in this case the more appropriate sanction is a short suspension.

Since no exception has been taken to the Board's recommendation, we give heightened deference to it. *See* D.C. Bar Rule XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). Moreover, as there is substantial support in the record for the Board's findings, we accept them and adopt the recommended sanction because it is not inconsistent with discipline imposed in similar cases.[6] We also note that respondent has failed to file the affidavit required by D.C. Bar R. XI, § 14(g) in his earlier disciplinary case, N. 94–BG–1221 (BDN 390–94); therefore, this discipline

1. We note that respondent has been administratively suspended from the D.C. Bar twice since Nov. 30, 1994 for failure to pay bar dues.

2. Respondent also did not participate in any proceedings before the Board.

3. *See In re Hughes*, Bar Docket No. 455–78, at 4, (BPR Apr. 30, 1981) *aff'd*, No. M–80–81 (D.C. Nov. 2, 1981) (attorney tried to represent both parties in a divorce proceeding); *In re McGarvey*, Bar Docket No. 299–80 at 5–6 (BPR Aug. 11, 1982), *aff'd*, No. M–129–82 (D.C. Dec. 9, 1982) (attorney decided to represent both a church involved in a construction project, and the person the church hired as a building contractor who was facing criminal charges).

4. *See In re McGann*, 666 A.2d 489 (D.C.1995) (per curiam).

5. *See In re Butterfield*, 851 A.2d 513 (D.C. 2004).

6. *See, e.g., In re Steely*, 806 A.2d 1236 (D.C. 2002).

will run consecutively to his suspension in the earlier case.  Accordingly, it is

ORDERED that John L. McGann is hereby suspended for 30 days to run consecutively to his earlier suspension in No. 94–BG–1221 (BDN 390–94).  Moreover, since respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g) in either of these matters, we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement.  See D.C. Bar R. XI, § 16(c).

*So ordered.*