## In re David M. ZOLENSKY, Respondent.

### No. 05–BG–887.

District of Columbia Court of Appeals.

Decided April 13, 2006.

Before REID and KRAMER, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

The respondent, David M. Zolensky, has been administratively suspended from practicing law in this jurisdiction for non-payment of dues since 1992. Respondent is also a member of the Tennessee Bar and on May 19, 2003, was suspended by the Supreme Court of that state for practicing law while having been previously suspended for failing to comply with its Continuing Legal Education requirements.[1]

Respondent did not report the Tennessee discipline as required by D.C. Bar R. XI, § 11(b), but the Office of Bar Counsel reported it to this court after learning of it as part of its review of the ABA National Lawyer Regulatory Data Bank. Bar Counsel then filed a certified copy of the Tennessee Court's order of suspension, and we temporarily suspended respondent and referred the matter to the Board on Professional Responsibility ("Board") with directions that it recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or to state whether it would elect to proceed *de novo* under D.C. Bar R. XI, § 11. Respondent did not file the affidavit required by D.C. Bar R. XI, § 14(g). On February 8, 2006, the Board submitted its report recommending imposition of a thirty-day suspension as identical reciprocal discipline.

Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation, and respondent has not filed any opposition to the Board's report and recommendation. The lack of opposition gives this court a very limited scope of review; thus, we adopt the Board's recommendation. *See* D.C. Bar R. XI, § 11(f); *In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995). Accordingly, it is

ORDERED that David M. Zolensky be suspended from the practice of law in the District of Columbia for a period of thirty days. For the purposes of reinstatement, the suspension shall be deemed to run from the date that respondent files an affidavit in compliance with D.C. Bar R. XI, § 14(g). *See* § 16(c).

*So ordered.*

---

**1.** Respondent admitted the violations, agreed to a thirty-day suspension, and to pay costs of $276.00.