**In re John V. BUFFINGTON, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 179028).**

**No. 06–BG–683.**

District of Columbia Court of Appeals.

Decided Dec. 7, 2006.

---

Before RUIZ and GLICKMAN, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent John V. Buffington, Jr.,[1] a member of the Bar of the District of Columbia, the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and identical discipline be imposed in the form of a six-month suspension, effective immediately, but deemed to commence for purposes of reinstatement on the date respondent files an affidavit that fully complies with the requirements of D.C. Bar Rule XI, § 14(g). No exceptions to the Board's Report and Recommendation have been filed.

On August 27, 2004, the Supreme Court of Pennsylvania suspended respondent for six months for violations of the Pennsylvania Rules of Professional Conduct involving the unauthorized practice of law as well as false or misleading communications about a lawyer's services, and conduct prejudicial to the administration of justice. *Office of Disciplinary Counsel v. Buffington,* 584 Pa. 447, 884 A.2d 841 (2005). Thereafter, the U.S. District Court for the Eastern District of Pennsylvania and the Virginia State Bar Disciplinary Board imposed reciprocal six-month suspensions. On June 12, 2006, Bar Counsel filed certified copies of the orders from the Supreme Court of Pennsylvania and the United States Court for the Eastern District of Pennsylvania. On June 29, 2006, this court issued an order temporarily suspending respondent and directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend reciprocal discipline or proceed de novo. Thereafter, Bar Counsel filed a statement recommending reciprocal discipline of a six-month suspension. Respondent has not filed a statement or otherwise opposed the imposition of reciprocal discipline.[2]

■ In its report and recommendation, the Board determined that respondent's misconduct also violated D.C. Rules of Professional Conduct,[3] and stated that a reciprocal and identical discipline of a six-month suspension is in accordance with this court's practice of sustaining suspensions and disbarments imposed as identical reciprocal discipline in cases involving the unauthorized practice of law. *See, e.g., In re Barneys,* 861 A.2d 1270 (D.C.2004); *In*

---

1. Respondent was admitted to the Bar of the District of Columbia on October 10, 1973 but moved to inactive status on September 14, 2005.

2. The Board report notes that respondent is presumed to have received notice of this reciprocal proceeding because correspondence and pleadings were sent to his most recent address on file with the D.C. Bar.

3. Specifically, the Board noted that respondent's conduct in Pennsylvania violated D.C. Rules of Professional Conduct 5.5(a) (unauthorized practice of law) and 7.1(a) (false or misleading communication about the lawyer's services).

*re Harper,* 785 A.2d 311 (D.C.2001).[4] In cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress,* 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)); *In re Reis,* 888 A.2d 1158 (D.C.2005) Here, there was no miscarriage of justice in the Pennsylvania proceeding because respondent participated in the proceeding and did not take exception to its findings. Additionally, this court has recently imposed a reciprocal six-month suspension in an identical case. *In re Zolensky,* 896 A.2d 920 (D.C.2006) (Court imposed reciprocal six-month suspension where respondent was found to have conducted unauthorized practice of law for practicing while suspended for failure to fulfill that state's mandatory CLE requirement.) A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Golds-*

*borough,* 654 A.2d 1285, 1287 (D.C.1995). (citing *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). The Board found, and we agree, that there is no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here.

Since no exception has been taken to the Board's report and recommendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended.

Accordingly, it is

ORDERED that John V. Buffington, Jr. is suspended from the practice of law in the District of Columbia for a period of six months, effective immediately. For purposes of reinstatement, suspension is deemed to commence on the date respondent files an affidavit that fully complies with the requirements of D.C. Bar Rule XI, § 14(g).

*So ordered.*

---

4. The Board also noted that while the Pennsylvania Board found respondent to have violated a rule prohibiting a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer, it did not identify a criminal statute nor did the Supreme Court of Pennsylvania's order refer-ence that issue. Nevertheless, the Board notes that the remaining violations support imposing identical discipline. *See, e.g., In re Youmans,* 588 A.2d 718 (D.C.1991).