In re Garland H. STILLWELL, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 473063).

No. 09–BG–644.

District of Columbia Court of Appeals.

Decided Aug. 27, 2009.

---

Before FISHER and OBERLY, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

The respondent, Garland H. Stillwell, a member of the bar of this court has admitted to violating Rules 8.4(c) and 1.7(b)(1) of the District of Columbia Rules of Professional Conduct. Specifically, respondent acknowledges that he inaccurately represented his status at the law firm where he was employed, made a false representation on behalf of a friend, improperly charged personal expenses to others, worked outside the law firm against the law firm's written policies, and asserted a position on behalf of clients that was adverse to a position taken by a client of his firm without first obtaining informed consent of all parties.

These admissions were made voluntarily, with the advice of counsel, in connection with a petition for negotiated discipline filed by Bar Counsel on February 20, 2009.[1] The matter was referred to Hearing Committee Number Eleven of the Board on Professional Responsibility, where respondent admitted the stipulated facts contained in the petition and his own supporting affidavit, admitted that his actions constituted violations of Rules 8.4(c) and 1.7(b)(1) of the Rules of Professional Conduct, and consented to the sanction agreed upon with Bar Counsel. Respondent confirmed that he was entering into the disposition freely and voluntarily, and not as the result of any coercion or duress.[2] Respondent also acknowledged in his affidavit that due to his negotiated suspension he must comply with the requirements of D.C. Bar R. XI, § 14, and Board Rule 9.9, and that his period of suspension will not be deemed to commence for purposes of reinstatement until he files the requisite affidavit. As a result, Hearing Committee Number Eleven issued a report and recommendation on June 4, 2009, concluding that respondent should be suspended from the practice of law for a period of sixty days with no requirement that respondent demonstrate fitness to practice law prior to reinstatement.[3]

We have reviewed the report and recommendation in accordance with our procedures in uncontested disciplinary cases,[4] and hereby accept Hearing Committee Number Eleven's Report and Recommendation approving the petition for negotiated discipline. The respondent has accepted responsibility for his actions, repaid all monies owed and undertaken action to prevent future ethical lapses. Accordingly, it is,

ORDERED that Garland H. Stillwell is hereby suspended from the practice of law in the District of Columbia for the period of sixty days without the condition of proving fitness upon applying for reinstatement. For the purpose of seeking reinstatement to the Bar, respondent's suspension shall not begin until he complies with the affidavit requirements of

---

1.  *See* D.C. Bar R. XI, § 12.1(b) (2008 Supp.); Bd. Prof. Resp. R. 17.3.

2.  *Id.* Bd. Prof. Resp. R. 17.5; D.C. Bar R. XI, § 12.1(c) (2008 Supp.).

3.  Bd. Prof. Resp. R. 17.6.

4.  D.C. Bar R. XI, § 12.1(d) (2008 Supp.); *see also In re Butterfield*, 851 A.2d 513, 514 (D.C. 2004) (30–day suspension for failure to perform conflict of interest check); *In re Bikoff*, 748 A.2d 915 (D.C.1995) (60–day suspension for misrepresenting expenses on client's bills); *In re Schneider*, 553 A.2d 206 (D.C.1989) (30–day suspension for altering receipts submitted to a law firm for reimbursement).

D.C. Bar R. XI, § 14(g) (2001 & 2008 Supp.).

*So ordered.*