**In re Theodora A. CHARLES, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 03–BG–800.**

District of Columbia Court of Appeals.

Submitted July 15, 2004.

Decided Aug. 5, 2004.

As Amended Aug. 26, 2004.

---

Before WASHINGTON, Associate Judge, KING and NEBEKER, Senior Judges.

## AMENDED OPINION

### PER CURIAM:

The Board on Professional Responsibility ("Board"), has consolidated two matters and in accordance with the findings of the two Hearing Committees, has determined that respondent, Theodora A. Charles, committed numerous violations of the District of Columbia Rules of Professional Conduct.

In BDN 002–98, respondent was found by the Hearing Committee to have violated Rules 1.1(a), 1.3(c), 1.6(a)(1) & 8.4(d) by failing to provide competent representation or promptly representing her client by waiting until the eve of trial to file a motion for continuance and revealing in the motion for continuance her perceived weakness of the case.[1] This behavior coupled with respondent's failure to appear in court for trial ultimately led to the dismissal of the underlying case, thereby supporting the Board's finding that respondent interfered with the administration of justice. The Hearing Committee originally recommended public censure.

In BDN 177–00, the Hearing Committee determined that respondent violated Rules 8.1 and 8.4(d) of the District of Columbia Rules of Professional Conduct and D.C. Bar R. XI, § 2(b)(3), based upon her failure to cooperate and assist Bar Counsel in the investigation of a bar complaint. The Hearing Committee recommends that respondent be suspended for thirty days with reinstatement conditioned upon responding to Bar Counsel's inquiries in BDN 177–00 and demonstrating fitness to practice law.

The report from the Board consolidated the two cases, noted that respondent did not file any exceptions to the Hearing Committee reports and adopted the recommendation of the Hearing Committee issued in BDN 177–00. Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Although respondent initially filed an exception to the Board's report and recommendation, it has since been withdrawn by respondent.

This court will accept the Board's findings so long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* Respondent's failure to file any exceptions to the Board's report and recommendation increases this court's already substantial deference to the Board. D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997).

We find substantial support in the record for the Board's findings, and, accordingly, we accept them. Therefore, we adopt the sanction recommended by the Board, as it is not inconsistent with discipline recommended in similar cases. *See, e.g. In re Beller,* 802 A.2d 340, 341 (D.C. 2002); *In re Steinberg,* 761 A.2d 279, 280 (D.C.2000); and *In re Steele,* 630 A.2d 196, 200, 201 (D.C.1993). Accordingly, it is

ORDERED that Theodora A. Charles is suspended from the practice of law in the District of Columbia for the period of thir-

---

1. The Board disagreed with the Hearing Committee's conclusion that respondent did not violate Rule 1.3(a) (zealous and diligent representation) and found that "Respondent's energies were misdirected, resulting in lack of diligence on the matters which were of importance."

ty days effective thirty days from the date of this order. Reinstatement in the District of Columbia is conditioned on her full cooperation with Bar Counsel in BDN 177–00, including responding to Bar Counsel's inquiries and her demonstration of fitness to practice law. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on her eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*