**In re Kenneth SHEPHERD,
Respondent.**

A Member of the Bar of District of
Columbia Court of Appeals (Bar
Registration No. 68262).

No. 03–BG–1343.

District of Columbia Court of Appeals.

Argued Jan. 27, 2005.

Decided March 3, 2005.

without paying the furnisher.'') (emphasis added).

Adgie O'Bryant, for respondent.

Ross T. Dicker, Assistant Bar Counsel, with whom Joyce E. Peters, Bar Counsel, was on the brief for the Office of Bar Counsel.

Before RUIZ, GLICKMAN and WASHINGTON, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility ("Board") found that Respondent Kenneth Shepherd ("Shepherd") violated Rules 1.16(d) (failure to take timely steps to protect client's interests in termination of representation), 1.3(a) (failure to represent client zealously) and (c) (failure to act with reasonable promptness), 1.4(a) (failure to keep client reasonably informed) and 8.4(d) (engaging in conduct that seriously interferes with administration of justice) of the Rules of Professional Conduct. The Board recommends that Shepherd be sanctioned with public censure and a requirement that he take a course in professional responsibility. Shepherd, taking exception to the Board's report and recommendation, sets forth several arguments on appeal all based on the Hearing Committee ("Committee") taking three years to issue its report and recommendation in his case. Shepherd contends that: 1) the Committee was biased and, thus, he was denied his constitutional due process right of an impartial adjudicator; 2) the Committee's bias nullified the entire original proceeding; 3) the Committee could not rely on the stipulations of fact at the original proceeding because of the delay, and 4) he was prejudiced by the Committee's delay. Bar Counsel takes no exception to the Board's report. We adopt the Board's recommendation.

A specification of charges was filed against Shepherd in connection with his representation of clients who had filed a civil suit against the District of Columbia. According to the Board's final factual findings, Shepherd failed to appear at the initial conference, and thereafter failed to promptly advise his clients of the status of the case. Because of Shepherd's failure to attend, the trial court dismissed the case without prejudice. According to Shepherd, he had turned the case over to another attorney, who also failed to appear at the initial conference. It appears from the record that the transfer to the attorney, who was neither employed by nor associated with Shepherd, occurred without the clients' knowledge or consent.

On October 28, 1999, the Committee held a hearing on the allegations against Shepherd. At the hearing, Shepherd and Bar Counsel agreed to stipulate certain facts and orally presented them to the Committee. Shepherd failed to object to the admission of Bar Counsel's evidence, and did not testify.

On March 11, 2003, the Committee issued its report and recommendation in the case. In that report, the Committee found that Shepherd had violated Rules 1.3(a) and (c), 1.4(a), and 1.16(d). Additionally, the Committee recommended that Shepherd complete a continuing legal education course on professional responsibility. Shepherd and Bar Counsel both took exceptions to the Committee's determination. Shepherd argued to the Board that, *inter alia*, there was insufficient evidence to support the Committee's report, that the

Committee was biased against him, and that the report should be rejected because of the delay. Bar Counsel argued that there was no evidence of bias in the case, the three-year time period did not invalidate the Committee's report, and that Shepherd should be found in violation of Rule 8.4(d). On December 10, 2003, the Board issued its report concurring with the Committee's decision and additionally finding a violation under Rule 8.4(d). The Board also concurred with the Committee that Shepherd should be publicly censured and required to take a course in professional responsibility.

On appeal, Shepherd makes several arguments, the crux of which is that he was denied his due process right to an impartial adjudicator. Specifically, he alleges that his constitutional rights were violated because the Committee was biased, and found that he violated several Rules of Professional Conduct to deflect attention away from the fact that it took the Committee three years to issue its report. (Shepherd raised a different claim of bias before the Board). Shepherd also alleges that this bias nullified the entire proceeding below, including the facts to which he had stipulated, and that he was "injured by a cloud and chill for three years." [1]

 Although it is a close question whether Shepherd preserved these specific issues for appeal, we find his arguments to be wholly without merit. There is nothing in the record to support Shepherd's bald assertion that the three-year delay created bias on the part of the Committee to rule against him so as to deflect attention away from its own alleged neglect.[2] In addition, Shepherd fails to offer any case law supporting his contention that mere delay in issuing a decision creates sufficient bias to warrant a finding of a constitutional due process violation. Instead, Shepherd relies on *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997), a case in which the defendant alleged he was prejudiced because the presiding judge, who ultimately was convicted for taking bribes from some criminal defendants, unfairly aided in the prosecution of his and other cases to cover up for the judge's misconduct. Factually, Shepherd's case is completely distinguishable from *Bracy*. There is nothing in this record upon which any reasonable person could conclude that the members of the Committee were biased against Shepherd or were trying to cover up for any misconduct on their part by ruling against Shepherd.

 We also see no merit in Shepherd's argument that the stipulation of facts upon which the Committee and the Board relied were void because of the three-year delay in the issuance of the Board's Report and Recommendation. Despite his contention, however, there is no evidence in the record that his stipulation was conditioned on a speedy disposition by the Committee.

---

1. Shepherd does not challenge the sufficiency of the evidence to support the Board's findings.

2. Although we are satisfied that the Committee's delay in issuing its report in this case did not result in a biased recommendation to the Board, we are nonetheless troubled by the length of time it took the Committee to complete its work in this case. We can foresee circumstances where such a long delay could result in the preparation of an inaccurate record and thus prejudice an attorney's ability to defend him or herself against allegations of unethical conduct. While we are not unmindful that our disciplinary system relies on volunteers, especially at the Hearing Committee level, and that with any volunteer system some minimal delay can be expected, we trust that the Board is instituting appropriate measures to monitor and assist Committee members in the exercise of their responsibilities so as to minimize the possibility of such a significant delay occurring in the future.

Further, he does not contend that the stipulated facts were untrue. Thus, there is no basis for concluding that he was prejudiced by the Committee's inaction.

■■■ The Board in this case recommends that Shepherd be publicly censured and be required to attend a course on professional responsibility. This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Furthermore, we impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *In re Charles,* 855 A.2d 1114, 1115 (D.C.2004) (internal citations and quotation marks omitted). We find substantial support in the record for the Board's findings and, thus, we accept them. Additionally, we adopt the Board's recommendation because it is not inconsistent with discipline imposed in other cases. Accordingly, it is

ORDERED that Kenneth Shepherd, Esquire, be, and hereby is, publicly censured and required to complete a course in professional responsibility.

*So ordered.*