**In re Michael L. AVERY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 447083).**

**No. 07–BG–130.**

District of Columbia Court of Appeals.

June 14, 2007.

---

Before FARRELL and GLICKMAN, Associate Judges, and TERRY, Senior Judge.

PER CURIAM:

■ The Board on Professional Responsibility ("Board"), in accord with the Hearing Committee, has found that respondent, Michael L. Avery, violated Rules 1.1(a) (competent representation), 1.3(a) (zealous and diligent representation), 1.3(c) (reasonable promptness in representing client), 1.4(a) (keeping client reasonably informed), 1.4(b) (explaining matter to client to extent reasonable necessary), 1.5(c) (contingency fee requirements), 1.5(e) (requirements involving division of fees between lawyers), and 1.16(d) (termination of representation), and recommends a sanction of public censure and completion of a course in legal ethics. Respon-

dent's misconduct occurred during the course of representing a client in a personal injury matter that was approaching the deadline to file suit under the statute of limitations, and in which respondent sought the assistance of another attorney in filing the suit. At the hearing, respondent stipulated to the facts supporting the violations. In addition to acknowledging his failings in representing his client and conceding that public censure was a reasonable sanction, respondent testified to mitigating circumstances, including his lack of disciplinary history and his career as an officer in the United States Marine Corps. The Board agreed with the Hearing Committee's conclusions regarding the rule violations and the sanction recommendation of a public censure. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent has not filed any exceptions to the Board's report and recommendation. Thus, we give heightened deference to the Board's recommendation. See D.C. Bar R. XI, § 9(g)(2); *In re Hitselberger,* 761 A.2d 27 (D.C.2000); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997).

■ This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* We find substantial support in the record for the Board's findings, and accordingly, we accept them. Likewise, we adopt the sanction recommended by the Board, as it is not inconsistent with discipline imposed in similar cases. A public censure falls within the range of discipline for similar violations. *See, e.g., In re Shepherd,* 870 A.2d 67 (D.C.2005) (public censure for failing to represent client zealously, failing to keep

client reasonably informed, failing to act with reasonable promptness, failing to terminate properly, and engaging in conduct seriously interfering with the administration of justice); *In re Hill*, 619 A.2d 936 (D.C.1993) (public censure for neglect of legal matter appointed to him and conduct prejudicial to administration of justice); *In re Sumner*, 665 A.2d 986 (D.C.1995) (30-day suspension for failing to keep client reasonably informed, failing to provide competent representation, failing to return papers to client and refund fee, failing to set forth basis for fees in writing, and for making a false statement). Accordingly, it is

ORDERED that Michael L. Avery be, and hereby is, publicly censured. It is

FURTHER ORDERED that respondent shall certify to the Board, completion of a continuing legal education course on legal ethics within one year from the date of this order.

*So ordered.*