*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 24-BG-0991

IN RE CLAUDIA FLOWER, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 489682)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(BDN: 23-ND-006; DDN: 2022-D014)

(Decided December 26, 2024)

Before: MCLEESE and DEAHL, *Associate Judges*, and THOMPSON, *Senior Judge*.

PER CURIAM: This decision is nonprecedential. Please refer to D.C. Bar R. XI, § 12.1(d) governing the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline. Respondent Claudia Flower voluntarily acknowledged that, during the pendency of an immigration appeal, she failed to both provide competent representation and protect the client's interests in connection with terminating the representation by withdrawing the appeal without the client's

consent rather than simply moving to withdraw as counsel. As a result, Ms. Flower admits that she violated D.C. R. Pro. Conduct 1.1(a) and 1.16(d) and 8 C.F.R. § 1003.102(o) (2022) (a substantially similar obligation to Rule 1.1(a) for practitioners before the Board of Immigration Appeals). The proposed discipline consists of a public censure with no conditions as Ms. Flower has already completed three hours of continuing legal education in the area of client communications.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified,'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)); *see, e.g.*, *In re Avery*, 926 A.2d 719 (D.C. 2007) (per curiam) (public censure for violating requirements to provide competent representation and properly terminate representation, among other violations). We further agree with the Committee that, in these circumstances, there is no need to decide whether our Rule 1.1(a) or 8 C.F.R. § 1003.102(o) applies to Ms. Flower's misconduct. *See In re Jenkins*, 298 A.3d 293, 293 (D.C. 2023) (per curiam). Accordingly, it is ordered that Claudia Flower is publicly censured.

*So ordered.*