*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 25-BG-0069

IN RE CELESTINE TATUNG, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 976830)

On Report and Recommendation of the Board on Professional
Responsibility Hearing Committee Number Three
Approving Amended Petition for Negotiated Discipline
(BDN: 24-ND-002; DDNs 2018-D326, 2020-D088, 2021-D118)

(Decided June 18, 2025)

Before EASTERLY and DEAHL, *Associate Judges*, and RUIZ, *Senior Judge*.

PER CURIAM: This decision is nonprecedential. Please refer to D.C. Bar R. XI, § 12.1(d) governing the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of an amended petition for negotiated attorney discipline. Respondent Celestine Tatung voluntarily acknowledged that, in connection with three client matters, he failed to (1) provide competent representation to the client; (2) represent the client with zeal and diligence within the bounds of the law; (3) keep the client informed, promptly comply with reasonable requests for information, and explain matters to

the extent reasonably necessary to permit the client to make informed decisions regarding the representation; (4) communicate to the client in writing the basis or rate of the fee and the scope of the representation before or within a reasonable time after commencing the representation; (5) maintain complete financial records, hold advances of unearned fees and unincurred costs that were in his possession in connection with a representation separate from his own funds, and obtain informed consent from his client to a different arrangement; and (6) maintain an account with an approved depository for entrusted funds. As a result, respondent admits that he violated D.C. R. Pro. Conduct 1.1(a) & (b), 1.3(a), 1.4(a) & (b), 1.5(b), and 1.15(a), (b), & (e), and committed parallel violations under 8 C.F.R. § 1003.102, which concerns sanctionable conduct by practitioners before the Board of Immigration Appeals. The proposed discipline consists of a one-year suspension, stayed as to all but six months, followed by one year of probation with conditions.

We referred the matter to the Board on Professional Responsibility (Board) regarding the appropriateness of the negotiated discipline given the concerns as to whether respondent also violated D.C. R. Pro. Conduct 8.4(c) by misrepresenting a client's address to the immigration court in seeking a change of venue for the client's asylum case, where the client's true address would have supported transfer to a different venue. The Board, after requesting additional explanation from the Hearing Committee, which in turn requested additional explanation from the Office

of Disciplinary Counsel (ODC), has filed a report recommending that we impose the negotiated discipline. Having reviewed the Board's report and lodged confidential appendix thereto, and the Committee's original report and lodged supplemental confidential appendix thereto, we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified,'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)). *See, e.g.*, *In re Avery*, 926 A.2d 719 (D.C. 2007) (per curiam); *see also In re Teitelbaum*, 303 A.3d 52, 56 (D.C. 2023) (providing that a petition for negotiated discipline "may generally omit to charge a violation if, after reasonable factual investigation, there is a substantial risk that ODC would not be able to establish the violation by clear and convincing evidence"). Moreover, in these circumstances, we need not decide whether our Rules or the corresponding provisions under 8 C.F.R. § 1003.102 apply to respondent's misconduct. *See In re Jenkins*, 298 A.3d 293 (D.C. 2023) (per curiam). Accordingly, it is

ORDERED that the Board's consent motion for leave is granted, and the lodged confidential appendix to its report and the lodged supplemental confidential appendix to the Hearing Committee's report are filed under seal. It is

FURTHER ORDERED that respondent Celestine Tatung is hereby suspended from the practice of law in the District of Columbia for one year, stayed as to all but six months, followed by one year of probation with the following conditions:

(i)     Respondent must take three hours of preapproved continuing legal education related to immigration law and three hours related to the maintenance of trust accounts, recordkeeping, and/or safekeeping client property. Respondent must certify and provide documentary proof that he has met these requirements to ODC within six months of the date of this opinion.

(ii)    Respondent must, within one year from the date of this opinion, refund all of the fees he received from the three clients.

If respondent's probation is revoked, he may be required to serve the stayed six months of his suspension with his reinstatement conditioned on his payment of the client refunds.

Additionally, we direct respondent's attention to D.C. Bar R. XI, § 14(g), which requires the filing of an affidavit with this court for purposes of reinstatement in accordance with D.C. Bar R. XI, § 16, and Bd. Pro. Resp. R. 9.

*So ordered.*